Harold Katz, Plaintiff, *v.* Ocean Accident and Guarantee Corporation, Ltd., Defendant.

Municipal Court of the City of New York, Borough of The Bronx, May 21, 1952.

*Irving J. Panzer* for plaintiff.

*Herbert F. Hastings, Jr.,* and *Thomas R. Evans* for defendant.

BOCCIA, J.  Plaintiff, the holder of an insurance policy issued by the defendant, sues the defendant to recover the sum of $500 under the " medical payments " clause of the policy.  The policy is one commonly referred to as an Automobile Liability Policy and the clause in question reads as follows:  " To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional, nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the named insured or with his permission."

It appears that on August 12, 1951, at about 11:20 P.M. the plaintiff's wife, returning from the theatre, had parked plaintiff's automobile in front of their home.  The driver's seat where the plaintiff's wife had been seated was towards the center of the roadway.  She alighted from the automobile and was in the act of locking the car with her hand upon the door, when suddenly perceiving an oncoming vehicle coming toward her, she ran from the point where she was standing adjacent to the left front door of the vehicle and towards the rear of the car.  There was another vehicle parked in the rear of plaintiff's vehicle and plaintiff's wife in an effort to avoid the oncoming vehicle ran between plaintiff's car and the other parked car to the rear of plaintiff's car as a result of which the oncoming vehicle struck the plaintiff's vehicle causing it to be pushed backward and crushing plaintiff's wife between plaintiff's vehicle and the parked vehicle.

The oncoming vehicle which had prevented plaintiff's wife from locking the door of plaintiff's car continued on its way and was not apprehended.

Plaintiff's wife was severely injured and hospitalized and it is conceded that plaintiff incurred at least $500 in medical expenses for the treatment of his wife's injuries.

The point to be determined in this case is whether the injuries sustained by plaintiff's wife were " caused by accident, while in or upon, entering or alighting from the automobile ".

The defendant resists payment to the plaintiff contending that plaintiff's wife was not in, upon, entering or alighting from the automobile at the time of the accident. Defendant urges in support of its contention that in order to recover, the injured person must have had some sort of actual physical contact of some part of his person with some part of the automobile at the time of the accident.

There is a paucity of adjudications upon this particular subject. Defendant relies on the case of *New Amsterdam Cas. Co.* v. *Fromer* (75 A. 2d 645) decided by the Municipal Court of Appeals for the District of Columbia. In that case the plaintiff who was operating his automobile, believing that he had come in contact with another vehicle, pulled to the curb, got out and walked back to the other car. After ascertaining that there had been no contact and while returning to his automobile in order to continue on his journey and when about six feet from the rear of his vehicle, he was struck and thrown against the rear bumper of his car. It was plaintiff's contention in that case that he was " entering " the automobile when struck and the court, in deciding adversely to the plaintiff, held (p. 646) : " We cannot agree that the controlling terms of the policy are doubtful in meaning. Viewed in their context and applied to the instant facts we think the words ' while in or upon, entering or alighting ' are plain and unambiguous, and that the trial court erred in holding otherwise. Hence the case must be tested and decided according to the ordinary meaning that common speech imports, and not by resort to the rule of liberal construction."

Applying the doctrine enunciated in the *New Amsterdam Cas. Co.* v. *Fromer* case (*supra*), to the facts at bar, it would appear that plaintiff's wife was still in the act of alighting from the car because the ordinary individual reading the terms of the policy in the instant case would naturally conclude that locking the door of a car is a natural and consequential act related to the actual alighting from the car and securing same properly. The wording used by the defendant in its policy must be construed in the manner which would give the same " ordinary meaning " in " common speech ". Plaintiff's wife

who still had her hand upon the door after having alighted from the car was in my opinion performing an act which the ordinary person would consider part of " alighting from the automobile ". This view seems to be supported by the few cases that have discussed similar clauses.

So, in the case of *Lokos* v. *New Amsterdam Cas. Co.* (197 Misc. 40, affd. 197 Misc. 43). Mr. Justice McCAFFREY, of this court, found that the plaintiff while traveling uptown on the West Side Highway in New York City stopped his car in order to investigate a noise from the front of his automobile. After alighting from his car he observed that the front bumper had fallen to the pavement and was hanging to one side. While he was in the act of tieing the bumper up and leaning over the car with the bumper in his hands he sustained the injuries for which plaintiff claimed compensation under the clause which is practically similar to the one at bar. In deciding that the plaintiff was entitled to recover, Judge McCAFFREY aptly construed the meaning to be applied to the policy and used the following language : " Can it be said that the insurer attached to the words ' upon ' a meaning so narrow as to encompass only such cases in which the entire weight of a person's body was resting upon or supported by the vehicle? Considering the usual positions of a person in relation to a car in use and the fact that other enumerated risks include acts of being upon the automobile in the sense of resting upon or being supported by it, it is reasonable to give the term a broader meaning including some acts in which the person is in contact with the car." (P. 42.)

The Supreme Court of Rhode Island in the case of *Sherman* v. *New York Cas. Co.* (82 A. 2d 839) had occasion to construe the interpretation of the word " upon " in a medical payment clause similar to the one used by the defendant in this case. There, the plaintiff had parked his automobile and had left it. He observed his car rolling backwards towards a stone wall. In an effort to stop it, he placed one hand on the back of the car and his knee on the rear bumper as a result of which his legs were pinned between the rear bumper and the stone wall. In the lower court, the Trial Judge, found for defendant on the ground that plaintiff's weight was not completely upon the car and he was therefore not " upon " the car. The Supreme Court in reversing this ruling held the correct rule of law to be as follows : " Judging by plaintiff's injuries and appearance of the place, and placing the most favorable construction upon what he said, it is the firm conviction of the Court that he was

not on that bumper \* \* \*. The particular words ' in or upon ' should be given a broad and liberal construction consistent with the context of the whole clause in which they appear. The key words in that clause are ' arising out of the use of the automobile ' \* . \* \*. If the expression ' in or upon ' is read in connection with those words we think it will reasonably appear that it was intended to make the policy applicable to injuries sustained by reason of the immediate and substantial contact of a part of plaintiff's body with the car in the course of actively promoting or serving such use ''. (P. 841.)

In the case of *Madden* v. *Farm Bureau Mut. Automobile Ins. Co.* (82 Ohio App. 111), decided on March 12, 1948, the plaintiff stopped his car to change a tire. After he had completed the tire change and was in the act of putting the replaced tire in the rear trunk of his car he was struck by another automobile. The court in finding for the plaintiff discussed the interpretation of the medical payments clause contained in the defendant insurance company's policy issued to the plaintiff, and stated (pp. 114–115) '' It seems to us that it was the intent of the insurer, by the language used, to provide for coverage in every case in which the owner was using the automobile and in such a position in relation thereto as to be injured in its use. In reaching a conclusion on this subject, not only the act in which the insured was engaged at the time, but also his purpose and intent must be considered. So construed, the entire paragraph creates a field of broader coverage than a narrow construction of the words considered separately and independently of one another would indicate ''.

The court went on further to state (p. 116): '' Counsel (for the defendant) suggest that if the plaintiff is allowed to recover, a pedestrian, who should be struck by the automobile while passing alongside or between it and another parked automobile, would be entitled to recover on the policy. We think the case of a stranger having no relation to the automobile stands upon an entirely different footing. He would not be using the automobile in any sense whatsoever.''

Various of the courts of our sister States have upheld the defendant only where it affirmatively appears that the plaintiff was not in or upon the automobile.

In *Ross* v. *Protective Ind. Co.* (135 Conn. 150) recovery was denied to the plaintiff where plaintiff and another were standing on a highway at the rear of plaintiff's car and talking when they were struck by another car.

A case that definitely appears to uphold plaintiff's conten-- tion is *Goodwin* v. *Lumbermans Mut. Cas. Co.* (85 A. 2d 759 [Md.]). There plaintiffs were allowed to recover; they had attended a wedding and started back to the automobile to return to their homes. All the car doors were locked. One plaintiff opened the front door with a key, leaned in to release the tab to the rear door, another was standing behind her holding the front door open, another had her hand on the handle of the rear door to open it as soon as the lock was released, and another was standing on or about the edge of the front door. All of them were struck by another automobile. The court said (pp. 762–764): "Whether they were entering the car is, however, not a question of fact alone, it is a mixed question of law and fact with which we have to deal. * * * It may be conceded that they were not in the automobile, nor were they alighting from it, and, therefore, the proposition is narrowed to a determination whether they were *upon* the automobile or whether they were *entering* it. * * * (A person) is covered not only when ' in ' or ' upon ' but also while ' entering '. The terms are not synonymous, although sometimes two of them may cover the same situation. A person getting in might be completely inside the car. In that case he would be both ' entering ' and ' in '. On the other hand, he might be partly in and partly out, in which case he would be covered by the word ' upon ', and also might be covered by the word ' entering ', or by the word ' alighting ', depending on which way he was going. * * * They had all completed their approach to the car, they were not coming up to it with the purpose of entering it, they had reached it, and they were actually engaged in the process of getting in."

The court held that those facts constituted entering within the policy.

Reviewing these decisions and analyzing the facts at bar this court feels that the plaintiff is entitled to recover the stipulated payment as set forth in defendant's policy. Under the con-- struction placed by the defendant upon the clause in issue, it would follow that it would be necessary for plaintiff's wife to stand where she was at the time she first observed the hit and run vehicle and permit herself to be struck by it while continuing her efforts to lock the door of the car. Certainly this cannot be the construction by this court of the terms used by the defendant in writing this policy. Such a determination would be repugnant to every principle of common decency. The

plaintiff's wife obeying the primary law of nature did what any other reasonably prudent person would under the same circumstances and desperately tried to save herself from being seriously hurt. Unfortunately she was not successful and for the damages resulting by reason of this accident the defendant should compensate the plaintiff to the stipulated extent of $500. For, that was the purpose of securing such a provision from the defendant and paying it the premiums demanded.

Under the circumstances it is my opinion that the injuries sustained by plaintiff's wife were occasioned while in the act of being upon and alighting from the plaintiff's vehicle and I therefore find that plaintiff is entitled to recover from the defendant the sum of $500 with interest and I direct the clerk of this court to enter judgment accordingly. Ten days' stay of execution.