## ALLSTATE INSURANCE COMPANY v.
## ELIZABETH HERSEY HOWE
## (11311)

LANDAU, HEIMAN and FREEDMAN, Js.

Argued February 10—decision released April 27, 1993

*Edward F. Czepiga II,* with whom was *Salvatore C. DePiano,* for the appellant (defendant).

*Edward T. Falsey III,* with whom was *Terence A. Zemetis,* for the appellee (plaintiff).

FREEDMAN, J. The defendant appeals from the judgment of the trial court granting the plaintiff's application to vacate an arbitration award. On appeal, the defendant asserts that the trial court improperly determined that she was not covered under an automobile insurance policy issued by the plaintiff, which defines an "insured person" for purposes of uninsured motorist coverage, in pertinent part, as "[a]ny person while, in, on, getting into or out of your insured auto with your permission." We agree and reverse the trial court's judgment.

The following facts are necessary for a resolution of this appeal. The defendant was a passenger in a car operated by her friend Wendy Bayer and owned by Bayer's mother. As they were traveling on Bloomfield Avenue in West Hartford, icy road conditions caused

the Bayer vehicle to collide with the rear of another car. That accident did not result in any injuries. Both Bayer and the defendant got out of their vehicle to discuss the accident with the occupants of the other car. The defendant was returning to the Bayer vehicle when a third car struck the Bayer car which then struck the defendant, causing her to suffer serious physical injuries. The evidence was in dispute as to whether the defendant was touching the Bayer vehicle at the time of the second accident.

After obtaining benefits under the liability policy of the driver of the third vehicle and under her family's automobile policy, the defendant made a claim for underinsured motorist coverage against the plaintiff's policy issued to the Bayers. Under the terms of the plaintiff's policy, and pursuant to General Statutes § 38a-336, the defendant's claim for underinsured motorist benefits was subject to arbitration before a three member arbitration panel.

The arbitrators unanimously found the issue of insured status and coverage in favor of the defendant. They also found that the defendant's injuries and damages were caused solely by the negligence of the underinsured motorist. The arbitrators further found that the defendant "was in the process of getting into the Bayer vehicle" and that she "had physical contact with the Bayer vehicle" at the time of the second accident.

The plaintiff insurer applied to the Superior Court to vacate the arbitration award. The plaintiff claimed that the arbitrators improperly (1) decided that the defendant was an insured person under the policy at the time of the accident and (2) failed to reduce the award by the amount of no-fault insurance benefits received by the defendant from her own automobile coverage.

The trial court concluded that despite "great effort to find some factual evidence in the record on which the arbitrators could base a finding that [the defendant], at the time she was injured, was 'in, on, getting into or out of' the Bayer vehicle," the court could find no such factual support. Consequently, the trial court concluded that the defendant was not an insured under the plaintiff's policy and vacated the arbitration award. The trial court, therefore, did not rule on the issue of what credits, if any, properly should be set off against the award. This appeal ensued.

The question presented on appeal is whether the defendant was an insured under the plaintiff's automobile insurance policy issued by it to the Bayers. The defendant asserts that the trial court improperly concluded that there was insufficient factual evidence in the record from which the arbitrators could have found that the defendant was covered under the policy. She argues that she was an insured under the policy because she was "getting into" the car at the time of the second accident or, alternatively, she was "on" the car at the time of the second accident. The plaintiff argues that the defendant was not an insured under the policy because she was neither "getting into" the automobile nor was she "on" the auto at the time of the second accident.

I

"When reviewing an arbitration panel's factual findings considering underinsured motorist coverage, our courts' standard of review is whether the arbitrators' findings are supported by substantial evidence. *Rydingsword* v. *Liberty Mutual Ins. Co.,* 224 Conn. 8, 21, 615 A.2d 1032 (1992); *Chmielewski* v. *Aetna Casualty & Surety Co.,* 218 Conn. 646, 660–61, 591 A.2d 101 (1991). The test in this context requires that a court determine whether substantial evidence exists in the 'record to

support the [arbitration panel's] findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Substantial evidence will be found to exist if the . . . record supplies a substantial basis of fact from which the court reasonably can infer the fact in issue.' (Internal quotation marks omitted.) *Lawrence* v. *New Hampshire Ins. Co.*, 29 Conn. App. 484, 490, 616 A.2d 806 (1992), quoting *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra, 660–61 n.15. A reviewing court must defer to the arbitrators' right to credit testimony in whole, in part, or not at all. See *Chmielewski* v. *Aetna Casualty & Surety Co.*, supra, 661 n.15. The fact that a possibility exists that two inconsistent conclusions may be drawn from the evidence does not prevent the arbitrators' finding from being supported by substantial evidence." *D'Addio* v. *Connecticut Ins. Guaranty Assn.*, 30 Conn. App. 729, 733–34, 622 A.2d 609 (1993).

At the arbitration hearing, the following additional facts were brought forth. After the defendant viewed the damage done as a result of the first accident, she walked alongside the Bayer vehicle, intending to enter it through the front passenger door. Because of the icy conditions, she placed her left hand on the handle of the driver's door for balance. The defendant testified that she intended to go around the rear of the car and enter it from the passenger's side. At that point, the Bayer vehicle was struck by the third automobile. The defendant testified that the last thing she remembered, prior to flying through the air as a result of the accident, was that her hand was on the driver's door handle. The defendant could not recall how long it was from the time she was holding onto the driver's door handle to the time she was struck.

On the basis of the record before them, the arbitrators could have reasonably found that the defendant "was in the process of getting into the Bayer vehicle

and had physical contact with the Bayer vehicle." Any evidentiary dispute was for the arbitrators to resolve. In determining whether there was substantial evidence to support the arbitrators' findings, "[t]he trial court's role was not to draw inferences from [the] evidence presented to the arbitrators, but rather to discover whether the arbitrators' findings of fact were reasonable." *D'Addio* v. *Connecticut Ins. Guaranty Assn.*, supra, 735. The trial court should not determine whether it would have found as the arbitrators did, but whether the arbitrators' finding was supported by substantial evidence. Id., 735 n.6. Thus, while the trial court apparently would have found otherwise, it should not have substituted its view of the evidence for that of the arbitrators. Our independent review of the record persuades us that there was substantial evidence to support the critical factual determination that the defendant was in the process of getting into the Bayer vehicle and had physical contact with the Bayer vehicle at the time of the accident.

## II

We now turn to the question of whether, under the facts as found by the arbitrators, the defendant was an "insured person" under the plaintiff's policy. To find that the defendant was an insured under the plaintiff's policy, the arbitrators had to find she was "in, on, getting into or out of" the insured vehicle. "Questions of law decided by arbitrators in compulsory arbitration proceedings pursuant to General Statutes § 38a-336 are subject to de novo review by the [trial] court. . . . [C]onstruction of a contract of insurance presents a question of law for the court which this court reviews de novo." (Citations omitted.) *Aetna Life & Casualty Co.* v. *Bulaong*, 218 Conn. 51, 58, 588 A.2d 138 (1991). The question of whether, under the facts as found by the arbitrators, the defendant was an insured person under the plaintiff's policy, therefore, is a question of

law which we, in our review, address de novo. Id.; *American Universal Ins. Co.* v. *DelGreco,* 205 Conn. 178, 191, 530 A.2d 171 (1987).

In *Testone* v. *Allstate Ins. Co.,* 165 Conn. 126, 328 A.2d 686 (1973), our Supreme Court addressed coverage issues pertaining to two policies which covered, inter alia, persons "in or upon or entering into" the vehicle. In that case, the plaintiff was next to the vehicle. The *Testone* court held that the plaintiff's proximity to the vehicle was not sufficient to afford coverage under the insurance contract. The court concluded that physical contact was necessary to permit coverage for injury caused while the plaintiff was "upon"[1] the vehicle. Id., 133–34. In fact, the *Testone* court appears to have cited with approval several cases that have interpreted the phrase "in or upon" as meaning that "actual physical contact with the insured vehicle affords coverage . . . ." Id., 133. In the present case, the defendant's actual physical contact with the Bayer vehicle at the time of the accident would, therefore, appear to afford coverage.

Moreover, the defendant was in the "process" of getting into the Bayer vehicle. Although the words "in the process of" do not appear in the policy, the use of these words by the arbitrators reflects, in our view, the conclusion that the defendant had an intent to enter the vehicle and was attempting to do so at the time of the accident. Although the *Testone* court concluded that "intent to enter a vehicle alone is not 'entering'[2] a vehicle within the meaning of the insurance policy"; id., 134; the present case involves more than an intent to enter the vehicle, standing alone. The defendant had

[1] We discern no difference between the policy term "upon" in *Testone* and the term "on" in the present case.

[2] We discern no difference between the policy term "entering" in *Testone* and the term "getting into" in the present case.

an intent to *re*enter the vehicle after a brief interruption in her travels. She was not simply standing by the car. She had exited the car for reasons related to its operation and was returning directly to resume her travels when the accident occurred.

In *Ross* v. *Protective Indemnity Co.*, 135 Conn. 150, 62 A.2d 340 (1948), the plaintiffs were standing behind the insured vehicle, conversing, after a stop to urinate, when they were struck and injured by another car. The *Ross* court concluded that it would stretch the policy terms "entering or alighting" too far to permit coverage where the plaintiffs "had gone to the rear of the car and were injured several minutes later while standing there conversing." Id., 153. We do not read *Ross* as precluding coverage under the circumstances of this case. In *Ross*, unlike this case, the injured parties had undertaken an endeavor distinct from the operation of the vehicle and distinct from the reentry of the vehicle when they stood behind the vehicle conversing. Moreover, in *Ross*, unlike this case, even though "[t]he plaintiffs had no intention of discontinuing their journey . . . when they alighted" from the vehicle; id., 152; there is no indication in the facts of the *Ross* case that the plaintiffs were in the process of getting into the vehicle, that is, that they were furthering their intent to resume their travels, at the time of the accident. Here, by contrast, the injured party was, at the time of the accident, in the process of reentering the Bayer vehicle in order to resume her travels after a brief interruption in her journey which was directly related to the operation of the vehicle. Cf. *United Farm Bureau Ins. Co.* v. *Pierce*, 152 Ind. App. 387, 390, 283 N.E.2d 788 (1972) (observing that cases interpreting "entering or alighting" policy language seem to require "an intent coupled with an overt act necessary to enter or exit the vehicle").

We are persuaded, then, that the totality of the circumstances in this case are sufficient to permit coverage of the defendant as a person who is injured "while . . . on [or] getting into . . . [the] insured auto." It is clear that coverage is compelled under the circumstances of this case where, at the time of the accident, the defendant was in physical contact with the car and she intended to and was taking steps to reenter the vehicle after only a brief interruption in her travels related to the operation of the vehicle. We do not believe that our conclusion impermissibly " 'distort[s] [the words] as to accord a meaning other than that evidently intended by the parties.' " *Ross* v. *Protective Indemnity Co.*, supra, 153, quoting *Porto* v. *Metropolitan Life Ins. Co.*, 120 Conn. 196, 200, 180 A. 289 (1935).

Accordingly, we conclude that the trial court improperly determined that the defendant was not covered under the plaintiff's insurance policy. Because the trial court vacated the arbitrators' award, it did not have the opportunity to address the plaintiff's remaining claims regarding what credits, if any, properly should be set off against the arbitration award. On remand, the trial court should address these issues. See *D'Addio* v. *Connecticut Ins. Guaranty Assn.*, supra, 736.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.