[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to vacate, modify or correct an arbitration award. On September 11, 1987, at approximately 12:43 a.m., Arthur Vernon was operating his 1978 Chevrolet pick-up truck in an easterly direction on Rubber Avenue, Naugatuck, Connecticut. The plaintiff, Michael Almeida, proceeded into the crosswalk on Rubber Avenue in a southerly direction toward his vehicle, a 1977 Chevrolet Blazer. Accepting that version of events put forth by the arbitrators, the plaintiff reached his vehicle and placed his left hand on the door handle with his thumb on the door handle button and was about to open the door to that motor vehicle when his wife alerted him to the oncoming Vernon vehicle.
The plaintiff believed that he did not have adequate time to enter his vehicle while avoiding Vernon's truck. Therefore, he turned and moved away from his vehicle in an attempt to avoid being hit by the Vernon vehicle. Nevertheless, the plaintiff was struck by the Vernon auto and landed approximately fifty feet from the point of impact.
Mr. Almeida received the policy limits of $20,000.00 from Mr. Vernon's insurer, Allstate Insurance Company, and made this claim against Liberty Mutual who insured the claimant's stepmother and owner of the Blazer, Georgette Almeida, under a policy providing uninsured/underinsured limits of $100,000.00 for each of four vehicles.
"When reviewing an arbitration panel's factual findings considering underinsured motorist coverage our courts' standard of review is whether the arbitrators' findings are supported by CT Page 2517 substantial evidence." Allstate Ins. Co. v. Howe, 31 Conn. App. 132,135 (1993) quoting Rydingsword v. Liberty Mutual Ins. Co.,224 Conn. 8, 21 (1992). "A reviewing court must defer to the arbitrators' right to credit testimony in whole, in part, or not at all." Howe, 31 Conn. App. at 136. "Questions of law decided by arbitrators in compulsory arbitration proceedings pursuant to General Statutes 38a-336 are subject to de novo review by the trial court." Id. at 137. "Construction of a contract of insurance presents a question of law for the court . . ." (Citations omitted.) Id. The question of whether, under the facts as found by the arbitrators, the plaintiff was an insured person under the policy is therefore a question of law which the court addresses de novo. Id. at 137-38.
The plaintiff in this matter is an insured person under the policy only if he was "occupying" his stepmother's Blazer at the time of the accident. "Occupying" is defined in the policy as "in, upon, getting in, on, out or off" the insured vehicle. The arbitration panel decided that the plaintiff was not "occupying" the vehicle at the time of the accident under the terms of the policy.
The arbitration panel based its decision on Testone v. Allstate Ins. Co., 165 Conn. 126, 133 (1973), In which the court, under the facts of that case, held that physical contact with the insured vehicle at the time of the injuries was necessary for the injured party to have been "in or upon" the motor vehicle and eligible for insurance coverage under the definition of "occupying" as defined by the policy. Since physical contact was not present in Testone, the court denied coverage under the policy. Id.
However, it is important to recognize that the Testone court noted that physical contact may not be required to satisfy a policy's definition of "occupying" in "certain emergencies." Id. citing Katz v. Ocean Accident and Guarantee Corporation,112 N.Y.S.2d 737 (1952). In Katz, the plaintiff's wife "was in the act of locking the car with her hand upon the door, when suddenly perceiving an oncoming vehicle coming towards her, she ran from the point where she was standing adjacent to the left front door of the vehicle and towards the rear of the car." Katz, 112 N.Y.S.2d at 738. She was then struck by the oncoming vehicle. Id. The policy at issue in Katz provided coverage only if the injured person was "in or upon, entering or alighting from the automobile." Id. at 739. The defendant in CT Page 2518 Katz argued that in order to recover the claimant must have actual physical contact with some part of the vehicle. Id. at 739. In rejecting this argument the Katz court reasoned as follows:
 Under the construction placed by the defendant upon the clause issue, it would follow that it would be necessary for plaintiff's wife to stand where she was at the time she first observed the hit and run vehicle and permit herself to be struck by it while continuing her efforts to lock the door of the car. Certainly this cannot be the construction by this court of the terms used by the defendant in writing this policy. Such a determination would be repugnant to every principle of common decency.
Id. at 742.
Such reasoning by the Katz court is persuasive when applied to the facts of the instant case and coupled with the Supreme Court's acknowledgement that physical contact may not be required to satisfy a policy's definition of "occupying" in "certain emergencies." Testone, 165 Conn. at 133.
Similarly, in the context of a coverage question where a driver was injured after being cut off another motorist, the Connecticut Supreme Court reasoned that "an insistence on physical contact would lead to the bizarre result of providing uninsured motorist coverage for the less vigilant driver who does not avoid a collision but denying such coverage to the more adroit driver who manages to escape this greater hazard." Streitweiser v. Middlesex Mutual Assurance Co., 219 Conn. 371,380 (1991). Correspondingly, it would be bizarre and illogical to deny coverage to this plaintiff who attempted to avoid injury while providing coverage to an individual who makes no such effort to avoid injury.
For the reasons stated, the application to vacate the arbitration award is granted.
/s/ Sylvester, J. SYLVESTER CT Page 2519