DeWitt Boyce *v.* State Farm Insurance Company
(12280)

Landau, Freedman and Schaller, Js.

Argued December 1, 1993—decision released April 5, 1994

*Bruce D. Jacobs,* with whom was *Irene P. Jacobs,* for the appellant (plaintiff).

*Daniel P. Scapellati,* with whom, on the brief, were *John W. Lemega* and *Elizabeth A. Curtis,* for the appellee (defendant).

Landau, J. The plaintiff appeals from the judgment of the trial court confirming the decision of an arbitra-

tion panel to prohibit "stacking"[1] the plaintiff's three insurance policies. The plaintiff claims that the trial court improperly (1) applied the substantial evidence standard of review to a legal question, and (2) upheld the arbitrators' finding that the three policies were separate and distinct under *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 594 A.2d 977 (1991).[2]

The relevant facts are undisputed. On June 10, 1988, the plaintiff, DeWitt Boyce, was injured in an automobile collision. At the time of the accident, the plaintiff was a passenger in a car owned by him and his wife, and operated by his wife. The vehicle was insured under a policy issued by the defendant, State Farm Insurance Company. The plaintiff owned two other vehicles that were also insured by the defendant. Each of the three insurance policies had its own policy number, but were identical in all other respects. The coverage amounts for uninsured and underinsured motorist limits on each vehicle were $250,000 per person, $500,000 per accident.

The plaintiff commenced an action against Ernest Petersen and Ann Petersen, the owners of the other vehicle involved in the accident, claiming personal inju-

---

[1] "Stacking refers to the ability of the insured, when covered by more than one insurance policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate. *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 388 n.2, 446 A.2d 1059 (1982)." (Internal quotation marks omitted.) *Covenant Ins. Co.* v. *Coon,* 220 Conn. 30, 31 n.2, 594 A.2d 977 (1991).

[2] The defendant's third claim, that the trial court improperly applied the legal analysis of *Covenant Ins. Co.* v. *Coon,* supra, 220 Conn. 30, to a distinguishable factual situation, is identical to the defendant's second claim.

We will not consider the plaintiff's fourth claim, that the trial court improperly declined to address the issue of whether the policy language permitted stacking the policies despite the holding of *Covenant Ins. Co.,* because the plaintiff failed to raise it before the arbitration panel. "[W]e do not review this . . . claim raised for the first time on appeal." *Rydingsword* v. *Liberty Mutual Ins. Co.,* 224 Conn. 8, 10 n.1, 615 A.2d 1032 (1992).

ries. The Petersens' personal liability coverage totaled $300,000. After settling his claim with them for the face amount of the policy, the plaintiff made a claim for underinsured motorist benefits under his own insurance policies. State Farm denied coverage asserting that the three policies issued to the plaintiff were separate and distinct, and that under *Covenant Ins. Co.*, which prohibited stacking of such policies, the tortfeasor's vehicle was not underinsured. Under the terms of the plaintiff's policy, and pursuant to General Statutes § 38a-336, the parties submitted their dispute to a three member arbitration panel.

On August 11, 1992, a majority of the arbitrators found that the plaintiff was not entitled to stack the underinsured motorist coverage for the purpose of determining if the vehicle was underinsured. The panel found that the policies were separate and distinct, that, under *Covenant Ins. Co.*, stacking such policies was prohibited, and therefore, under § 38a-336,[3] the tortfeasor was not underinsured.

The plaintiff filed an application to vacate the arbitration award and the defendant sought confirmation of the award. After a hearing, the trial court denied the plaintiff's application to vacate and rendered judgment confirming the award. This appeal followed.

The plaintiff's first claim is that the trial court improperly applied the "substantial evidence" standard of review when it considered the issue whether the three underinsured motorist coverages within the plaintiff's three policies could be stacked for the purpose of

---

[3] General Statutes § 38a-336 (d) provides: "For the purposes of this section, an 'underinsured motor vehicle' means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section."

determining underinsurance. He contends that the issue before the trial court was a contract construction question, which is a question of law, and, therefore, subject to de novo review.

Prior to the hearing, the parties agreed that the sole issue before the arbitration panel was whether the underinsured motorist coverage of the plaintiff's three insured vehicles could be stacked under the holding of *Covenant Ins. Co.* v. *Coon,* supra, 220 Conn. 30. In determining whether a vehicle is underinsured, "§ 38a-336 [(d)] clearly states that the aggregate of the liability limits under all of the tortfeasor's *policies* are to be compared with the uninsured motorist coverage limit of *the policy* against which a claim is made." (Emphasis in original.) Id., 35.[4] The statute "refers to the . . . uninsured motorist provisions in the singular." Id., 35–36.[5] This reading required the arbitration panel to determine, as a matter of fact, whether the three insurance coverages issued to the plaintiff by the defendant could be deemed a singular policy or three separate and distinct policies.

" 'When reviewing an arbitration panel's factual findings considering underinsured motorist coverage, our courts' standard of review is whether the arbitrators' findings are supported by substantial evidence.'

---

[4] Statutes and regulations that apply to uninsured motorist coverage equally apply to underinsured motorist coverage. *Buell* v. *American Universal Ins. Co.,* 224 Conn. 766, 769 n.1, 621 A.2d 262 (1993); *Lumbermens Mutual Casualty Co.* v. *Huntley,* 223 Conn. 22, 28 n.9, 610 A.2d 1292 (1992); *General Accident Ins. Co.* v. *Wheeler,* 221 Conn. 206, 210–11, 603 A.2d 385 (1992); *Nationwide Ins. Co.* v. *Gode,* 187 Conn. 386, 399–400, 446 A.2d 1059 (1982).

[5] "[F]or the purpose of determining whether a tortfeasor's vehicle is underinsured, the uninsured motorist insurance statute, General Statutes § 38a-336, limits consideration of underinsured motorist coverage to each individual *policy* available to the claimant separately." (Emphasis added.) *Forsberg* v. *New Hampshire Ins. Co.,* 26 Conn. App. 793, 794, 602 A.2d 45 (1992).

*Rydingsword* v. *Liberty Mutual Ins. Co.,* 224 Conn. 8, 21, 615 A.2d 1032 (1992); *Chmielewski* v. *Aetna Casualty & Surety Co.,* 218 Conn. 646, 660–61, 591 A.2d 101 (1991)." *Allstate Ins. Co.* v. *Howe,* 31 Conn. App. 132, 135, 623 A.2d 1031, cert. denied, 226 Conn. 911, 628 A.2d 983 (1993). "In determining whether there was substantial evidence to support the arbitrators' findings, '[t]he trial court's role was not to draw inferences from [the] evidence presented to the arbitrators, but rather to discover whether the arbitrators' findings of fact were reasonable.' *D'Addio* v. *Connecticut Ins. Guaranty Assn.,* [30 Conn. App. 729, 735, 622 A.2d 609 (1993)]. The trial court should not determine whether it would have found as the arbitrators did, but whether the arbitrators' finding was supported by substantial evidence." *Allstate Ins. Co.* v. *Howe,* supra, 137.

The trial court found that the arbitrators' factual finding that the State Farm policies were separate and distinct policies was supported by substantial evidence. We conclude that the trial court applied the appropriate standard of review.

The plaintiff next argues that the trial court improperly upheld the arbitrators' finding that the policies were "separate and distinct" because the evidence presented was not sufficient to support such a finding. We will not disturb the panel's factual findings unless such a finding was unreasonable. Id. Our review of the record persuades us that there was substantial evidence to support the factual determination that the plaintiff's three policies issued by the defendant were separate and distinct. In obtaining the insurance on each of the vehicles, the plaintiff was required to complete and sign three separate applications for each of his vehicles. Two applications were completed on the same date providing insurance coverage for a six month period from December 20, 1987, through June 20, 1988; a third was completed on another date providing coverage for

December 3, 1987, through June 3, 1988. State Farm has issued policies to insureds on an individually separate basis as a business practice since 1922. Each of the policies issued to the plaintiff is identified by its own separate policy number. While the policies' language and liability limits are identical in all three cases, the plaintiff could have chosen to vary any of the classifications.

The plaintiff argues that because the policies were billed in one monthly account statement and paid together, the three policies are transformed into one. State Farm claims that this billing procedure was adopted for its customers as a convenience for budgeting their insurance payments. While there was testimony that nonpayment of the monthly amounts would result in cancellation of all three policies, this does not suggest that the policies were in essence one policy covering all three cars. Cancellation of all three policies for failure to pay the monthly statement is not different from cancellation of all three policies for failure to pay separate and distinct billing statements. In either instance, the policyholder has not paid the amounts due for insurance coverage, and he runs the risk of cancellation.

We conclude that the factual finding of the arbitration panel that the policies were three separate and distinct policies was not unreasonable, and was supported by substantial evidence.

The judgment is affirmed.

In this opinion the other judges concurred.