******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILSON PUENTE *v.* PROGRESSIVE
NORTHWESTERN INSURANCE
COMPANY
(AC 39708)

Lavine, Prescott and Elgo, Js.

*Syllabus*

The plaintiff, who had sustained injuries when a motor vehicle operated by
a third party struck him after he had exited and stepped away from his
vehicle, sought to recover underinsured motorist benefits allegedly due
under a policy of automobile insurance issued by the defendant to the
plaintiff's business, W Co. The trial court granted the defendant's motion
for summary judgment and rendered judgment thereon, from which the
plaintiff appealed to this court. The plaintiff claimed that there were
genuine issues of material fact as to whether the policy provided underin-
sured coverage to him personally, regardless of whether he was occu-
pying the vehicle, and as to whether he was "occupying" the insured
vehicle within the meaning of the policy when he sustained his injuries.
*Held* that the trial court properly granted the defendant's motion for
summary judgment, there having been no genuine issue of material fact
regarding the defendant's obligation to the plaintiff under the terms of
the insurance contract: that court properly determined that the policy
unambiguously provided that W Co. and not the plaintiff was the named
insured, as there was no ambiguity in the policy language as to whether
"insured" referred to the plaintiff personally or to W Co. where, as here,
the declarations page of the policy listed W Co. as the named insured,
the use of the term "you" did not create ambiguity in that the term
referred to the named insured shown on the declarations page, which
was W Co., and the policy provided further that when the named insured
was not a natural person, the policy covered only individuals who were
occupying the insured vehicle; moreover, the plaintiff failed to raise a
genuine issue of material fact as to whether he was "occupying" an
insured vehicle when he sustained his injuries, as the relevant underin-
sured motorist statute (§ 38a-363 [c]) defined "occupying" a vehicle as
"to be in or upon entering into or alighting from the vehicle," which
required physical contact with the insured vehicle, that definition was
consistent with, although not identical to, the language of the policy in
the present case, which defined "occupying" as "in, on, entering or
exiting" the insured vehicle, although the policy at issue in the present
case used the term "exiting" rather than "alighting" in defining the word
"occupying," it was nevertheless clear from case law that "occupying"
a vehicle requires physical contact, which supported the trial court's
construction of the policy to require physical contact with the insured
vehicle in order to trigger coverage, and it was undisputed here that
the plaintiff, who had stepped out of the insured vehicle and walked
past the rear of that vehicle before he was struck, was not in physical
contact with the vehicle when he was injured.

Argued February 1—officially released May 15, 2018

*Procedural History*

Action to recover damages for underinsured motorist
benefits allegedly due under a policy of automobile
insurance issued by the defendant, and for other relief,
brought to the Superior Court in the judicial district of
Stamford, where the court, *Povodator, J.*, granted the
defendant's motion for summary judgment and ren-
dered judgment thereon, from which the plaintiff
appealed to this court. *Affirmed.*

*John C. Turner, Jr.*, for the appellant (plaintiff).

*John W. Cannavino, Jr.*, with whom, on the brief, was *Alexandra J. Zeman*, for the appellee (defendant).

*Opinion*

PRESCOTT, J. In this action to recover underinsured motorist benefits pursuant to an insurance policy issued by the defendant, Progressive Northwestern Insurance Company, to Wilson Roofing, LLC (Wilson Roofing), the plaintiff, Wilson Puente, appeals from the judgment of the trial court granting the defendant's motion for summary judgment. The plaintiff claims that the trial court improperly granted the motion because a genuine issue of material fact existed regarding whether (1) he was a named "insured" within the meaning of the policy issued to Wilson Roofing or (2) even if he was not the named insured, he is still entitled to recover pursuant to the policy because he was "occupying" a vehicle covered by the policy when he sustained his injuries. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The plaintiff alleged in his complaint that he was occupying or in the process of exiting a 2001 GMC Savana G3500 in a parking lot in Norwalk when Cristian Zuna, a nonparty, struck him with her 2008 Honda Accord, causing him to suffer injuries. The plaintiff further alleged that any damages he suffered as a result of the accident were covered under a commercial auto policy through which the defendant provided uninsured/underinsured motorist coverage to the plaintiff's business, Wilson Roofing.

On May 6, 2016, the defendant filed a motion for summary judgment in which it argued that there is no genuine issue of material fact regarding whether (1) the plaintiff was insured under the policy because he was not "occupying" the vehicle at the time of the accident, and (2) the vehicle was not an "insured auto" under the policy. The plaintiff filed a motion in opposition to the motion for summary judgment arguing that there was a genuine issue of material fact as to whether he was the named insured within the meaning of the policy or that he was "occupying" an insured vehicle at the time he sustained his injuries.

At his deposition, a transcript of which the defendant attached as an exhibit to its motion for summary judgment, the plaintiff testified that he operates a home improvement company known as Wilson Roofing and Siding, LLC, which has four or five employees.[1] On the morning of May 15, 2014, the plaintiff drove to a parking lot at Rick's Main Roofing at 26 Fitch Street in Norwalk. The plaintiff worked for Rick's Main Roofing as a subcontractor and had two assigned parking spaces in that lot. The plaintiff left for a job assignment and returned to the parking lot at Rick's Main Roofing sometime between 3 and 3:30 p.m. The plaintiff parked his vehicle with the front end of his vehicle facing into the parking space.[2] He gathered the papers he needed to take into Rick's Main Roofing, stepped out of the vehicle, and

walked toward the rear of the vehicle. After he walked past the rear of his vehicle, he noticed a Honda Civic traveling toward him and was forced to jump onto the front end of the Honda to avoid being hit. He suffered injuries to his left foot after it was caught under the front end of the Honda Civic.

It is undisputed that the commercial auto insurance policy issued by the defendant to the plaintiff, which was in effect at the time of the accident, provided coverage for some of Wilson Roofing's vehicles. The declarations page of that policy states that the defendant provided commercial auto insurance coverage and that the "named insured" was "Wilson Roofing, LLC."

Following a hearing, the court granted the defendant's motion for summary judgment. The court concluded that the language of the policy was unambiguous and that there was no genuine issue of material fact regarding whether the plaintiff was a named insured within the meaning of the policy. Specifically, the court concluded as a matter of law that Wilson Roofing, and not the plaintiff, was the named insured under the policy. The court also concluded that, even if he was not the named insured, the plaintiff had failed to raise a genuine issue of material fact that he was still entitled to recover pursuant to the policy language that extends coverage to persons "occupying" a vehicle insured under the policy because he failed to raise a genuine issue of material fact that he was "occupying" such a vehicle when he sustained his injuries. This appeal followed.

The plaintiff claims on appeal that the court improperly concluded that there was no genuine issue of material fact as to whether (1) the policy provided underinsured coverage to him personally regardless of whether he was occupying the vehicle and (2) he was "occupying," within the meaning of the policy, an insured vehicle at the time he sustained his injuries. We are not persuaded.

We first set forth the applicable standard of review. "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) *Rosenfield* v. *I. David Marder & Associates, LLC*, 110 Conn. App. 679, 684, 956 A.2d 581 (2008).

"Summary judgment shall be granted if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

. . . A fact is material when it will make a difference in the outcome of a case. . . . The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact. . . . The trial court must view the evidence in the light most favorable to the nonmoving party. . . .

"Appellate review of the trial court's decision to grant summary judgment is plenary. . . . [W]e must [therefore] decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *McFarline* v. *Mickens*, 177 Conn. App. 83, 90, 173 A.3d 417 (2017), cert. denied, 327 Conn. 997,     A.3d     (2018).

I

The plaintiff first claims that because the general definitions section of the policy uses the words "you" and "relative" in defining the term "insured," the policy is ambiguous as to whether "insured" refers to the plaintiff's business or the plaintiff personally.[3] He argues that this ambiguity creates a genuine issue of material fact as to whether the policy provided underinsured coverage to him personally, regardless of whether he was occupying the vehicle. We disagree.

"[A]n insurance policy is a contract that is construed to effectuate the intent of the parties as expressed by their words and purposes. . . . [U]nambiguous terms are to be given their plain and ordinary meaning. . . . As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading. . . . The determination of whether an insurance policy is ambiguous is a matter of law for the court to decide." (Internal quotation marks omitted.) *Travelers Casualty & Surety Co. of America* v. *Netherlands Ins. Co.*, 312 Conn. 714, 740, 95 A.3d 1031 (2014).

The policy contains the following relevant provisions. In the general definition section, the policy states: "GENERAL DEFINITIONS . . . .

"5. 'Insured auto' or 'your insured auto' means:

"a. Any auto specifically described on the declarations page . . .

"9. 'Occupying' means in, on, entering or exiting. . . .

"17. 'You,' 'your,' and 'yours' refers to the named insured shown on the declaration page." (Emphasis omitted.)

With respect to underinsured motorist coverage, the endorsement for uninsured and underinsured coverage provides that, "[s]ubject to the Limits of Liability, if you pay the premium for Uninsured/Underinsured Motorist Coverage, we will pay for damages . . . which an insured is legally entitled to recover from the owner or

operator of an uninsured auto because of bodily injury: 1. sustained by an insured; 2. caused by an accident; and 3. arising out of the ownership, maintenance or use of an uninsured auto." (Emphasis omitted.)

The endorsement contained additional definitions as follows: "When used in this endorsement, whether in the singular, plural or possessive:

"1. 'Insured' means:

"a. if the named insured shown on the Declarations Page is a natural person:

"(i) you or a relative;

"(ii) and person occupying your insured auto . . . and

"(iii) any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in (i) or (ii) above; or

"b. if the named insured shown on the Declarations Page is a corporation, partnership, organization, or any other entity that is not a natural person:

"(i) any person occupying your insured auto . . . and

"(ii) any person who is entitled to recover damages covered by this endorsement because of bodily injury sustained by a person described in (i) above." (Emphasis omitted.)

As previously discussed, there is no genuine issue of material fact that the declarations page lists "Wilson Roofing, LLC," as the named insured.[4]

We conclude that the court properly determined that the policy unambiguously provided that Wilson Roofing and not the plaintiff was the named insured. The use of the terms "you" and "your" in the policy does not create an ambiguity. The general definitions section of the policy states that " 'you' 'your' and 'yours' refer to the named insured shown on the declarations page." The policy in the endorsement for underinsured motorist benefits provides that if the name listed on the declarations page as the named insured is a corporation, partnership, organization, or any other entity that is not a natural person, then the term "insured" means, inter alia, "any person occupying your insured auto . . . ." Accordingly, the terms "you" and "your" in the policy refer to Wilson Roofing rather than the plaintiff personally because he is not listed as the named insured on the declarations page. Furthermore, the section of the policy that uses the terms "you or a relative" does not create ambiguity because the policy clearly provides that those terms apply only if the named insured on the declarations page is a natural person.

The plaintiff contends that the language in the policy is "not entirely clear given the phrasing and placement

of pertinent definitions, including if the named insured is a natural person and 'relative' located in the general definitions section." He argues that the Supreme Court in *Ceci* v. *National Indemnity Co.*, 225 Conn. 165, 622 A.2d 545 (1993), concluded that the policy at issue in that case was ambiguous as to who was covered under the underinsured motorist coverage provision: "According to these provisions, the defendant would pay for damages caused by an uninsured vehicle. Individuals covered by this provision included: (1) you or any family member (2) anyone else occupying a covered auto or a temporary substitute for covered auto. The policy defined Family member as a person related to you by blood, marriage or adoption who is a resident of your household, including a ward or foster child. The policy defined occupying as in, upon, getting in, on or off." (Internal quotation marks omitted.) Id., 167. The court stated that "[b]y inserting a family member provision in a business policy, the defendant has left the [plaintiffs] in the unenviable position of having to divine the meaning and purpose of the family member language in the context of the policy. This is precisely the problem that the rules of insurance policy construction were designed to avoid." Id., 175. The policy in the present case, unlike that in *Ceci*, is clear and unambiguous and provides that the named insured is Wilson Roofing and that if the named insured is not a natural person then the policy only covers individuals who are occupying the insured vehicle.

The plaintiff also argues that the policy is ambiguous because it improperly identifies the named insured as a corporation rather than a limited liability company. The declarations page of the policy lists the name insured as "Wilson Roofing, LLC," but then states that "[t]he named insured organization type is a corporation." Regardless of this discrepancy, there is no genuine of material fact that the named insured is not a natural person, and, as such, is encompassed by the definition of "insured" that pertains to both limited liability companies and corporations. In sum, we are not persuaded by the plaintiff's first claim on appeal.

II

Because it is clear that the policy covers Wilson Roofing and not the plaintiff personally, in order to be entitled to underinsured motorist coverage under the policy, the plaintiff was obligated to raise a genuine issue of material fact as to whether he was "occupying" an insured vehicle at the time he sustained his injuries. In that regard, the plaintiff claims that the court improperly determined that there was no genuine issue of material fact regarding whether he was "occupying" the vehicle at the time of the accident. Specifically, he contends that the court improperly relied on the physical contact test used in *Gomes* v. *Massachusetts Bay Ins. Co.*, 87 Conn. App. 416, 431–36, 866 A.2d 704, cert.

denied, 273 Conn. 925, 871 A.2d 1031 (2005), rather than using a proximity test in determining that the plaintiff was not occupying the vehicle at the time of the accident. We disagree.

The policy defines "occupying" as "in, on, entering or exiting," but the policy does not define the term "exiting." The definition of "occupying" used by the policy, however, is consistent with, but not identical to, the definition set forth in the uninsured/underinsured motorist statute, General Statutes § 38a-363 (c), which defines "occupying" a vehicle as "to be in or upon entering into or alighting from the vehicle." Our Supreme Court and this court have interpreted § 38a-363 (c) to require physical contact with the insured vehicle in order for one to "occupy" it. See *Testone* v. *Allstate Ins. Co.*, 165 Conn. 126, 328 A.2d 686 (1973); *Allstate Ins. Co.* v. *Howe*, 31 Conn. App. 132, 623 A.2d 1031, cert. denied, 226 Conn. 911, 628 A.2d 983 (1993). Although the policies at issue in *Testone* and *Howe* did not use the same definition of "occupying" as that set forth in § 38-363 (c), the respective courts in *Testone* and *Howe* nonetheless required physical contact with the insured vehicle.

In *Testone* v. *Allstate Ins. Co.*, supra, 165 Conn. 128–29, a tow truck operator was injured when an uninsured vehicle struck a disabled car he was attaching to the tow truck. The insurances policies covering the tow truck and the disabled car required the tow truck operator to be "occupying" the vehicle, which was defined in the policies as "in or upon or entering into or alighting from" the vehicle. Id., 130–31. Our Supreme Court determined that "[t]he fact that the plaintiff was near his employer's wrecker when injured is of no significance." Id., 131. It concluded that the plaintiff was not occupying the disabled vehicle because he was "not in physical contact with the [disabled] vehicle and it cannot be said that he was 'upon' that vehicle." Id., 134.

In *Allstate Ins. Co.* v. *Howe*, supra, 31 Conn. App. 133–34, an insured sought underinsured motorist coverage after she was struck by a vehicle when she was in the process of returning to her friend's vehicle after that vehicle stopped due to a road accident. To trigger coverage, the insurance policy at issue required her to be "in, on, getting into or out of" an insured vehicle. (Internal quotation marks omitted.) Id., 133. Relying on *Testone*, the court concluded that the plaintiff's physical contact with the insured vehicle and the fact that she "was taking steps to reenter the vehicle after only a brief interruption in her travels related to the operation of the vehicle"; id., 140; would "appear to afford coverage." Id., 138.

The plaintiff argues, however, that because no Connecticut appellate authority has considered a policy, like the one at issue here, that employs the term "exiting" rather than "alighting" in defining the word "occu-

pying," the physical contact test does not apply. We reject the notion that the physical contact test only applies to policies that use the term "alighting." In *Howe*, this court applied a physical contact test where the policy did not mirror the exact language of § 38a-363 (c) and instead defined "occupying" as "in, on, getting into or out of." Although *Testone, Howe,* and *Gomes* did not consider policies that use the precise term "exiting," the case law is nonetheless clear that "occupying" a vehicle requires physical contact. Thus, precedent supports a construction of the policy in this case that contains similar language to require physical contact with the insured auto in order to trigger coverage.

The plaintiff further argues that we should adopt a proximity test in place of the physical contact test. We decline that invitation. In *Gomes* v. *Massachusetts Bay Ins. Co.*, supra, 87 Conn. App. 431–36, this court held, inter alia, that a volunteer fire police officer who was struck by an underinsured motorist while directing traffic in the middle of an intersection and away from his vehicle was not "occupying" a motor vehicle for the purposes of § 38a-336 (f). Id., 435–36. In that case, this court declined to adopt the proximity test reasoning, inter alia, that "we are compelled to follow our Supreme Court's express approval of the physical contact test in *Testone* v. *Allstate Ins. Co.*, supra, 165 Conn. 134 . . . ." *Gomes* v. *Massachusetts Bay Ins. Co.*, supra, 435.

Moreover, the proximity test urged by the plaintiff also suffers from being far too nebulous a standard. Such a test, in our view, would be difficult to apply and is not rooted necessarily in the language of the policy or, more generally, in the plaintiff's relationship with the vehicle at the time he suffers any injury. For example, a plaintiff could park his car and then sit on a sidewalk for hours in very close proximity to his or vehicle. Under the proximity test, if the plaintiff is injured while sitting in close proximity to his or her vehicle, but hours after exiting his vehicle the insured might be entitled to coverage under the policy despite the fact that the circumstances of the accident have little to do with the insured vehicle.

In the present case, it is undisputed that the plaintiff parked his vehicle, stepped out, walked past the rear of his vehicle, and was not in physical contact with his vehicle when he was struck by an oncoming vehicle. Therefore, the plaintiff was not "in, on, entering or exiting" his vehicle at the time of the accident. We conclude that the court properly granted the plaintiff's motion for summary judgment and determined that there was no genuine issue of material fact regarding whether the plaintiff was occupying his vehicle at the time of the accident.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Although the plaintiff asserts that he is the sole member of the limited liability company, he presented no evidence regarding the corporate governance of his business.

[2] There is a factual dispute between the parties as to the make and model of the vehicle that the plaintiff drove into the parking lot of Rick's Main Roofing. The defendant asserts that the plaintiff had been driving his Chevrolet Suburban, which the parties agree is not a vehicle insured under the policy. The plaintiff contends that he had been driving a GMC Savana, which the parties agree was a vehicle covered by the policy. Because we conclude that there is no genuine issue of material fact as to whether he was "occupying" *any* vehicle when he sustained his injuries, the factual dispute is not relevant.

[3] The plaintiff also claims on appeal that he is the "alter ego" of his business and, thus, should be considered the named insured for purposes of uninsured coverage. This assertion was not pleaded in his complaint, does not appear in his objection to the defendant's motion for summary judgment and was not raised orally by the plaintiff during argument on the motion. Although the court refers briefly to the doctrine in its memorandum of decision and declines to import it from other unrelated contexts to create an ambiguity in a contract where none otherwise exists, we conclude that this claim was not distinctly raised in the trial court. "[A]n appellate court is under no obligation to consider a claim that is not distinctly raised at the trial level. . . . The requirement that [a] claim be raised distinctly means that it must be so stated as to bring to the attention of the court the precise matter on which its decision is being asked. . . . The purpose of our preservation requirements is to ensure fair notice of a party's claims to both the trial court and opposing parties." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *White* v. *Mazda Motor of America, Inc.*, 313 Conn. 610, 619–20, 99 A.3d 1079 (2014); see id., 619 (declining to review challenge to summary judgment ruling because particular claim was not raised before trial court). Because the defendant was never given notice of the plaintiff's reliance on this doctrine, it did not have an opportunity to present competent summary judgment evidence to support an assertion that the doctrine is factually or legally inapplicable in this case. We therefore decline to review it.

[4] The plaintiff also argues that the policy is ambiguous because the declarations page lists "Wilson Roofing, LLC," as the named insured, rather than the business name used by the plaintiff when he testified at his deposition, Wilson Roofing and Siding, LLC. The fact that the name of the business set forth on the declarations page does not match precisely the name of the business given by the plaintiff during his deposition does not create an ambiguity as to whether the policy covers the business or the plaintiff personally.