FRANK ROSS ET AL. *v.* PROTECTIVE INDEMNITY COMPANY

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 13—decided November 5, 1948

*Edward J. Myers,* for the appellants (plaintiffs).

*DeLancey Pelgrift,* for the appellee (defendant).

DICKENSON, J.   In this action the plaintiffs claimed coverage under an insurance policy issued by the defendant providing for medical payments caused by accidental injury arising out of the use of an automobile while in or upon, entering or alighting from it. They have appealed from a judgment for the defendant.

The facts are not disputed.   The defendant issued a policy of insurance to the plaintiff Frank Ross on his automobile, which policy, in addition to agreements of indemnity for personal injury and property damage to others arising out of the ownership, maintenance and use of the car, contained the following provisions: "To pay to or for each person who sustains bodily injury, caused by accident and arising out of the use of the automobile classified as 'pleasure and business,' while in or upon, entering or alighting from the automobile while the automobile is used by or with the permission of the named insured, the reasonable expense of necessary medical, surgical, ambulance, hospital and professional nursing services and, in the event of death resulting from such injury, the reasonable funeral expense, all incurred within one year from the date of accident."   On November 25, 1946, at about 1:30 a.m., while the policy was in effect, the plaintiff Ross and the other plaintiff, Gladys French, were returning from New Boston, Massachusetts, to Torrington, Connecticut, in Ross's car.   The car was stopped on the highway in Colebrook, Connecticut, and the

plaintiffs, who were seated in the rear seat, alighted for the purpose of urination. Several minutes after they had left the car, they were standing in the highway at the rear of it conversing when they were struck by another car which was proceeding in the same direction. They were thrown to the pavement and injured and the car that had struck them struck the rear end of the Ross car. The plaintiffs had no intention of discontinuing their journey to Torrington when they alighted. The contention in their brief is that they had not abandoned their status as passengers and came within the coverage of the provision for entering and alighting from the car.

The applicable rule of construction of insurance policies is fully stated in *Porto* v. *Metropolitan Life Ins. Co.,* 120 Conn. 196, 200, 180 A. 289. "If the terms of an insurance policy are of doubtful meaning, that permissible construction which is most favorable to the insured is to be adopted; but if they are plain and unambiguous the established rules for the construction of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties. *Komroff* v. *Maryland Casualty Co.,* 105 Conn. 402, 405, 135 A. 388." The rule is well recognized. *Aschenbrenner* v. *United States Fidelity & Guaranty Co.,* 292 U. S. 80, 84, 54 S. Ct. 590, 78 L. Ed. 1137; *Dover* v. *Standard Accident Ins. Co.,* 92 N. H. 59, 60, 24 A. 2d 496.

In their brief the plaintiffs contend that, reading the policy as a whole, its apparent purpose was coverage for all passengers in the car and that they had not lost their status as passengers when injured. Their complaint is based upon the insuring agreement quoted

and their claims were for medical expenses under that clause. Their rights are determined by its terms. The policy contains no reference to passengers. The coverage is for any person in, upon, entering or alighting from the automobile. The plaintiffs were not within any reasonable meaning that can be ascribed to these expressions. They were not in or upon the automobile and they had not only alighted but had gone to the rear of the car and were injured several minutes later while standing there conversing. To hold that this was part of an act in alighting or in entering the car would be, as said in *Porto* v. *Metropolitan Life Ins. Co.,* supra, "so distorting [the words] as to accord a meaning other than that evidently intended by the parties." The trial court applied, as we must, the common meaning of the expressions used in the contract.

There is no error.

In this opinion the other judges concurred.