CHRISTOPHER TESTONE *v.* THE ALLSTATE INSURANCE COMPANY ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued May 2—decided June 7, 1973

*Joseph M. Brandon,* with whom, on the brief, was *Francis B. Feeley,* for the appellant-appellee (defendant The American Mutual Liability Insurance Company).

*Foster M. Young,* for the appellee-appellant (plaintiff).

*Daniel McDonald,* with whom, on the brief, was *Albert L. Coles,* for the appellee (named defendant).

*William F. Gallagher,* with whom, on the brief, was *Robert J. Gillooly,* for the appellee (defendant The General Accident Fire and Life Assurance Corporation).

LOISELLE, J. The plaintiff sought an order compelling three named insurance carriers to proceed with arbitration under the uninsured motorist provisions of the respective company's insurance policy.

The finding as corrected[1] discloses the following facts: Edward Provitz was the owner and operator of a motor vehicle which came to rest on the top of an esplanade railing between the east and westbound lanes of Derby Avenue in the town of Derby. The front of the Provitz car was facing south and the rear wheels and trunk were off the ground and north of the esplanade railing. The plaintiff went to the scene of the accident in a wrecker owned by his employer, Joe's Service Station, Inc. He and a co-worker hooked chains to the rear of the Provitz vehicle and the car was lifted by the wrecker. Thereafter a jack was taken from the wrecker and placed under the front of the Provitz vehicle, and the vehicle was raised. The chains were disconnected from the tow bar and then the wrecker was disconnected from the Provitz vehicle but the jack was still under the Provitz vehicle. The plaintiff went from the passenger's side of the Provitz vehicle to the driver's side with the intention of entering it to apply the brakes while the wrecker was moved. At this point the Provitz vehicle was struck by an uninsured vehicle. The plaintiff was immediately adjacent to the Provitz vehicle at the time of the

[1] The defendant The American Mutual Liability Insurance Company assigns error in the trial court's refusal to include in the finding two paragraphs of its draft finding and in finding facts set forth in one paragraph of the finding. One paragraph in the draft finding relates to a conclusion; the other is admitted or undisputed and is added to the finding. The paragraph attacked in the finding is unsupported by the appendices to the briefs and it is stricken. The defendant The General Accident Fire and Life Assurance Corporation assigns error in the court's refusal to find facts in three of the paragraphs in its draft finding and in the inclusion of one paragraph in the finding. The attacked paragraph in the finding is supported by the evidence narrated in the appendices. The three paragraphs in the draft finding claimed to have been admitted or undisputed are contrary to other facts found which are supported by the appendices and will not, therefore, be added to the finding.

collision and suffered injuries to his left foot and to his nose due to the impact of the uninsured vehicle against the Provitz vehicle.

The personal motor vehicle of the plaintiff was insured by the defendant The General Accident Fire and Life Assurance Corporation, hereinafter called General, under a policy which gave protection against damages caused by an uninsured vehicle to "(a) the named insured and any relative" and "(b) any other person while occupying an insured automobile."

Joe's Service Station, Inc., was insured by the defendant The American Mutual Liability Insurance Company, hereinafter called American, under a policy which gave protection against damages caused by an uninsured vehicle to "(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either; (b) any other person while occupying an insured highway vehicle."

Edward Provitz was insured by the named defendant The Allstate Insurance Company, hereinafter called Allstate, under a policy which gave protection against damages caused by an uninsured vehicle to "(a) (1) the named insured as stated in the policy . . . and any person designated as named insured in the schedule and, while residents of the same household, the spouse of any such named insured and relatives of either; (2) any other person while occupying an insured automobile."

The court concluded that "[t]he plaintiff was a personnel [sic] of . . . [Joe's Service Station]," the named insured of American, and that while in the process of using the wrecker within the scope of his duties he was injured by the uninsured motorist and

that at the time he was injured he was a named insured or designated insured under the policy issued to Joe's Service Station, Inc., by American. American has appealed and the plaintiff has filed a cross appeal.

The court expressly made the contents of the three insurance policies a part of the finding. An examination of the American policy discloses that the only named insured is Joe's Service Station, Inc., and there are no other designated insureds. In Section V of the policy entitled "Additional Definitions" relating to protection against uninsured motorists, it is stated that " 'designated insured' means an individual named in the schedule under Designated Insured." The mere fact that the plaintiff was acting within the scope of his employment at the time he was injured, while affording him remedies and rights under the Workmen's Compensation Act, does not transform him into a named insured or a designated insured as defined under the uninsured motorist coverage of his employer's insurance policy. The court was in error in concluding that the plaintiff was either the named insured or designated insured in his employer's insurance policy.

The further conclusion that the plaintiff was injured while "in the process of using" the wrecker is not supported by the facts found. From disputed facts, the court found that the plaintiff was injured while immediately adjacent to the Provitz vehicle when it was struck. The trial court has misconstrued the word "use" contained in the public liability provisions of the American policy, making the plaintiff or anyone using the wrecker with permission an omnibus insured under the liability policy.

The term "use" or "using" does not appear in the uninsured motorist section of the American policy. Unless the plaintiff was injured while occupying the insured's wrecker, as the word "occupying" is defined in the policy, the plaintiff was not entitled to recover damages under his employer's policy. In that portion of the American policy relating to protection against uninsured motorists the word "occupying" is defined as "in or upon or entering into or alighting from" the vehicle. To determine whether, based on the facts presented to the court, the plaintiff could be deemed to be occupying the wrecker owned by his employer and to obtain an understanding of the rationale of the court's conclusions an examination of the evidence printed in the appendices to the briefs is warranted. *Andreozzi* v. *Rubano,* 145 Conn. 280, 281–82, 141 A.2d 639; *Kriedel* v. *Krampitz,* 137 Conn. 532, 535, 79 A.2d 181. It appears that the basis of the court's conclusion that the plaintiff was within the coverage of his employer's uninsured motorist insurance policy was that the tow bar used by the wrecker to tow vehicles was still attached to the Provitz vehicle and that a jack from the wrecker was underneath the Provitz vehicle and that therefore the wrecker was affixed to the Provitz vehicle and as both vehicles were connected when the plaintiff was injured, he was near or upon the wrecker. The finding that the wrecker's tow bar was "still" attached to the Provitz vehicle is not supported by the appendices; in fact, the plaintiff testified that he had disconnected it. Therefore, the only remaining basis to support the court's conclusion is the use of a jack from the wrecker to support the Provitz vehicle.

The fact that the plaintiff was near his employer's wrecker when injured is of no significance. In *Ross*

v. *Protective Indemnity Co.,* 135 Conn. 150, 153, 62 A.2d 340, where the same phraseology in a medical payments provision of an insurance policy appeared as is present in the case before us, it was pointed out that the meaning of the expression "in or upon, entering or alighting from the automobile" was the common meaning of the expression used in the contract and the court could not so distort the words as to accord a meaning other than that evidently intended by the parties. See Annot., 19 A.L.R.2d 513, 39 A.L.R.2d 952, 42 A.L.R.3d 491. Without further comment or discussion, it is clear from the finding of facts as corrected, that by any reasonable meaning that can be ascribed to the expression, the plaintiff was not "in or upon or entering into or alighting from" the wrecker.

In this instance, the record presents the entire proceedings before the trial court. Since the court erred in drawing an incorrect legal conclusion from facts properly found and since the questions presented are essentially of law, this court may resolve the issues presented. "The reversal of a judgment annuls it, but does not necessarily set aside the foundation on which it rests. This foundation may be sufficient to support a judgment of a different kind, and may be such to require it. . . . If the error was one in drawing a wrong legal conclusion from facts properly found and appearing on the record, it would be an unnecessary prolongation of litigation to enter again on the work of ascertaining them." *Coughlin* v. *McElroy,* 72 Conn. 444, 446, 44 A. 743; *Graham* v. *Southington Bank & Trust Co.,* 99 Conn. 494, 511, 121 A. 812; see *Alderman* v. *Hanover Ins. Group,* 155 Conn. 585, 590, 236 A.2d 462; *Cochran* v. *McLaughlin,* 128 Conn. 638, 644, 24 A.2d 836.

Since the court erroneously concluded that the plaintiff was within the coverage of the uninsured motorist policy issued to his employer, the remaining issue is whether the plaintiff may compel arbitration under the provisions of the Allstate policy covering the Provitz vehicle, or under the plaintiff's policy as named insured with General.

In the *Ross* case, supra, this court noted that the plaintiffs were not "in or upon the automobile" and the facts of that case clearly showed a lack of contact with the insured vehicle. Other courts in interpreting the phrase "in or upon" have also held that actual physical contact with the insured vehicle affords coverage under various policies. See *Lokos* v. *New Amsterdam Casualty Co.*, 197 Misc. 40, 93 N.Y.S.2d 825, aff'd, 197 Misc. 43, 96 N.Y.S.2d 153; *Madden* v. *Farm Bureau Mutual Automobile Ins. Co.*, 82 Ohio App. 111, 79 N.E.2d 586; *Hollingworth* v. *American Guarantee & Liability Ins. Co.*, 105 R.I. 693, 254 A.2d 438; *Sherman* v. *New York Casualty Co.*, 78 R.I. 393, 82 A.2d 839; *McAbee* v. *Nationwide Mutual Ins. Co.*, 249 S.C. 96, 152 S.E.2d 731.

The argument that coverage under uninsured motorist provisions containing the term "upon" need not depend on the injured party's actual physical contact with the insured vehicle at the time of the injuries has found some support. See *Cocking* v. *State Farm Mutual Automobile Ins. Co.*, 6 Cal. App. 3d 965, 86 Cal. Rptr. 193; *Wolf* v. *American Casualty Co.*, 2 Ill. App. 2d 124, 118 N.E.2d 777. While this view may be appropriate under certain emergencies; see *Katz* v. *Ocean Accident & Guarantee Corporation*, 202 Misc. 745, 112 N.Y.S.2d 737; expansion of the scope of the word "upon" by the elimination of the necessity of physical contact with

the insured vehicle is not consistent with the standards of interpretation set forth in *Ross* v. *Protective Indemnity Co.,* 135 Conn. 150, 153, 62 A.2d 340, and reiterated in *Carta* v. *Providence Washington Indemnity Co.,* 143 Conn. 372, 376, 122 A.2d 734. The plaintiff was not in physical contact with the Provitz vehicle and it cannot be said that he was "upon" that vehicle.

The finding places the plaintiff "immediately adjacent to the Provitz vehicle when it was struck." The court disbelieved the plaintiff's claim that he was half in and half out of the Provitz vehicle. While the plaintiff was adjacent to the Provitz vehicle with the intention of entering it, intent to enter a vehicle alone is not "entering" a vehicle within the meaning of the insurance policy. *Ross* v. *Protective Indemnity Co.,* supra, 152; *New Amsterdam Casualty Co.* v. *Fromer,* 75 A.2d 646 (D.C. Mun. Ct. App.); 44 Am. Jur. 2d, Insurance, § 1306. Although there was evidence in the appendix to the plaintiff's brief to show that the plaintiff was approaching the driver's door of the Provitz car, the act of approaching is not the equivalent of the act of entering. Consequently, the plaintiff does not come within the uninsured motorist coverage of the Allstate policy insuring the Provitz vehicle, since he was not in or upon or entering the vehicle but was, according to the most favorable evidence printed in the appendices, two to three feet from the vehicle when it was struck.

As the plaintiff is not covered by the provisions of either the insurance policy of his employer or of Provitz, an examination of his own insurance policy issued by General is necessary. Clearly, the General policy, the applicable provisions of which have been

previously recited, provides the plaintiff protection against injuries caused by uninsured motorists by virtue of the plaintiff's status as the named insured in the policy and thus the plaintiff is entitled to coverage under the General policy.

There is error, the judgment is set aside and the case is remanded with direction to render judgment directing The General Accident Fire and Life Assurance Corporation to proceed with arbitration.

In this opinion the other judges concurred.