[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed this appeal from an arbitration award which denied her coverage under a policy issued by the defendant to the State of Connecticut. The plaintiff has moved to vacate the award because the arbitrators erroneously found she was not an insured under the policy issued by the defendant.
The memorandum presented to the court indicate the plaintiff on June 21, 1986 was a state trooper who was ticketing a truck driver on Interstate 84 in Middlebury. As the plaintiff and the truckdriver stood on the shoulder of the road a uninsured vehicle struck the truckdriver, which forced him into the plaintiff causing her to sustain injuries. At the time of the accident the plaintiff was covered by uninsured motorist coverage of $100,000.00 on her personal insurance policy which was paid by that insurer. The plaintiff is now seeking to recover under an insurance policy issued by the defendant to the State of Connecticut as the named insured, and which was in effect at the time of the accident.
The plaintiff contends the arbitrators erroneously relied on Testone v. Allstate Insurance Co., 165 Conn. 126, 131, in concluding the plaintiff was neither the named insured nor an occupant of the insured vehicle.
The policy defines an insured in subparagraph (d) of the uninsured motorist insurance endorsement as follow:
D. Who is insured?
1. You or any Family Member
2. Anyone else occupying a covered auto. . .
3. Anyone for damages he is entitled to recover because of bodily injury sustained by another insured.
The only named insured shown in the Declarations portion of the policy is the State of Connecticut, and the fact that the plaintiff was acting as a state trooper at the time of her CT Page 9138 injuries does not bring her within the definition of the name insured in the policy.
For the forgoing reason this court concludes the arbitrators were not in error in rendering their Award, and the plaintiff's application is therefore denied.
ZOARSKI, JUDGE