[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On June 6, 1980, Pelino S. and Joanne DiLoreto were the owners of a parcel of land in Wethersfield, Connecticut. On that date, the plaintiff Mac's Car City commenced an action against the defendant Pelino S. DiLoreto and caused a prejudgment remedy of attachment to be placed on said real property of the defendant. By quit claim deed recorded February 27, 1984, the defendant conveyed his one-half interest in this real property to Joanne DiLoreto.
On March 1, 1984, the plaintiff Mac's Car City, Inc. recovered a judgment against the defendant in the amount of $63,817.88. The defendant appealed the decision in that action to the Appellate Court. The Appellate Court set aside the judgment and remanded the case for a new trial. Crest Plumbing Heating Co. v. DiLoreto, 12 Conn. App. 468, 481 (1987). On July 16, 1990, after a new trial, the court again entered judgment in favor of the plaintiff and a judgment lien was filed on the Wethersfield land records within four months of said judgment. This action was brought to foreclose that lien.
The defendant now moves to dismiss this action claiming that this court lacks jurisdiction since the plaintiff did not begin the process over again and reapply for a prejudgment remedy prior to the commencement of the second trial. However, the opinion of the Appellate Court did not address or concern the validity of the prejudgment remedy or the issue of probable cause. Id. "An appellate opinion is authority only for what is decided . . . the language of an opinion is given effect only with respect to the question actually decided." Winchester v. Connecticut State Board of Labor Relations, 175 Conn. 349, 362
n. 7 (1978). Moreover, "the reversal of a judgment annuls it, CT Page 9965 but does not necessarily set aside the foundation on which it rests." Testone v. Allstate Insurance Co., 165 Conn. 126, 132
(1973). Since the prejudgment remedy and the probable cause underlying it were not challenged on appeal, the plaintiff did not need to repeat the process and seek a new prejudgment remedy.
Accordingly, the motion to dismiss is denied.
CHARLES D. GILL JUDGE, SUPERIOR COURT.