[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an application by the plaintiff, Allstate Insurance CT Page 3074 Company (Allstate), to vacate a unanimous arbitration award out of an underinsured motorist claim brought by the defendant Elizabeth Hersey Howe (Howe).
Howe was a passenger in the car operated by her friend Bayer and owned by her friend's mother. They were traveling on Bloomfield Avenue in West Hartford. The road was very snowy and icy. The car ahead of Bayer stopped but because of the ice, Bayer could not stop and rear-ended that car. The accident was slight and no one was injured. Both Bayer and Howe got out of their automobile to discuss matters with the occupants of the other car. No police were called.
At that point a third car came on the scene, traveling fast, struck the Bayer car which then struck Howe as she was standing on the highway and caused her to suffer serious physical injuries.
The third car was covered by a $20,000 liability policy and that sum was paid in full to Howe by the tortfeasor's, Durant, carrier.
The plaintiff Allstate had issued a policy providing for $50,000 underinsured motorist coverage on each of two vehicles owned by the Bayers.
Howe's family had an automobile policy with Fireman's Fund Insurance Company and Howe had received a total of $40,291.67 of no-fault insurance benefits from that policy. Howe also received $10,000 of underinsured motorist benefits from Fireman's Fund Insurance Company, but the plaintiff, Allstate, has waived making any claim with regard to that payment.
The arbitrators made an award for Howe of $80,000 against the plaintiff, Allstate. It gave Allstate a credit of $20,000, the sum paid by the tortfeasor to Howe, on the two $50,000 underinsured motorist policies (stacked) it had issued to the Bayers.
The arbitrators found among other things that "at the time of the collision between the underinsured Durant vehicle and the Allstate insured Bayer vehicle, claimant was in the process of getting into the Bayer vehicle and had physical contact with the Bayer vehicle" and that "the claimant sustained damages in excess of $150,000."
The arbitrators further found that Allstate ". . .is not CT Page 3075 entitled to a credit for the amount of payments made to or on behalf of claimant under Fireman's Fund medical payments coverage. Insurance Reg. Section 38-175a-6 (d)(3) permits insurance policies to provide for a reduction of limits for `direct indemnity for medical expenses paid or payable under the policy, or any amount of basic reparations benefits paid or payable under the policy will reduce the damages which the insured may recover under their coverage. . . .' (Emphasis in original). Since the medical payments of roughly $40,000.00 were not made under the Allstate policy, they may not be claimed as credit against the Allstate's $100,000.00 UM coverage."
Allstate claims that the arbitrators erred in deciding that Howe was an insured under the Allstate policy at the time of the loss and, in any event, they erred in not reducing the award by the amount of no-fault insurance benefits received by Howe from her own automobile insurance coverage.
 I.
In American Universal Insurance Co. v. DelGreco, 205 Conn. 178,191, our Supreme Court held that "where judicial review of compulsory arbitrations proceedings, required by 38-175c(a)(1), is undertaken, under General Statutes, Sec. 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." Further, in Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 665, the Supreme Court approved a procedure "where factual findings made in compulsory arbitration proceedings are made subject to judicial review on the basis of a substantial evidence standard or a standard closely akin thereto." And "substantial evidence" will be found to exist if the administrative record supplies a substantial basis of fact from which the court reasonably can infer the fact in issue. Connecticut Light Power Co. v. DPUC,216 Conn. 627, 639-40. But "in determining whether an administrative finding is supported by `substantial evidence', a court must defer to the agency's right to believe or disbelieve the evidence presented by any witness, even an expert, in whole or in part. . . ." Briggs v. State Employees Retirement Commission,210 Conn. 214, 217.
 II.
Howe claims coverage under Allstate policy by virtue of Part v, (2) (Exhibit B) which defines insured persons as including "Any person while in, on or getting into or out of your insured auto with your permission." As previously noted, the arbitrators found as a fact that "at the time of the collision between the underinsured Durant vehicle and the Allstate insured Bayer vehicle, claimant was in the process of getting into the Bayer CT Page 3076 vehicle and had physical contact with the Bayer vehicle."
The court has reviewed the record of the proceedings before the arbitrators. It is clear from the transcript[1] that the claimant Howe had been seated in the passenger's seat at the time of the first accident, that she exited the car from that side, walked to the rear, holding onto the car for support and went around the car to a location near the driver's door. After conversations of three to five minutes duration, she started back toward the rear of the car. She had her left hand on the handle to the driver's door. She did not intend to enter the car through the driver's door. She held that door handle only for support in maintaining her footing. She intended to go back around the rear of the car and enter it from the passenger's side. At that point in time the second accident happened.
"An insurance policy is to be interpreted by the same general rules that govern the construction of any written contract and enforced with the real intent of the parties as expressed in the language employed in the policy. . . . If the words in the policy `are plain and unambiguous the established rules for the of contracts apply, the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning, and the courts cannot indulge in a forced construction ignoring provisions or so distorting them as to accord a meaning other than that evidently intended by the parties.'" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,583, and cases cited therein.
Indeed our Supreme Court in a case in which it refused to force the construction of a policy clause similar to that in the instant matter, had this to say: "To hold that this was part of an act in alighting or in entering the car would be, as said in Porto v. Metropolitan Life Ins. Co., supra, `so distorting [the words] as to accord a meaning other than evidently intended by the parties."' Ross v. Protective Indemnity Co., 135 Conn. 150, 153. See also Carta v. Providence Washington Indemnity Co., 143 Conn. 372.
 III.
Policy provisions closely similar to the provision at issue have also been considered by our court in Testone v. Allstate Ins. Co., 165 Conn. 126, and certain guides have been set out. Intent to enter a vehicle alone is not "entering" a vehicle within the meaning of such a provision. Nor is the act of approaching the automobile's door the equivalent of the act of entering. Testone, supra, 134. Testone also indicates that under appropriate circumstances the injured party's actual physical contact with the insured vehicle at the time of the injuries may not be a fact CT Page 3077 necessary to coverage. (Pg. 137). It seems obvious that the reverse of that situation would also be true.
The court notes that in its finding #2, the arbitrators found that "the claimant was in the process of getting into the Bayer vehicle. . . ." The word "process" is nowhere in the policy provision under consideration and adds a new dimension to the definition of "insured person" set forth in that policy. Exhibit B, Part V(2). Such action is not only not permitted by arbitrators, it is not even sanctioned by courts. In Gleason v. Merchants Mutual Insurance Company, 589 F. Sup. 1474, 1480
(D.C.R.I. — 1984) the court, in discussing a similar policy provision and in evaluating a similar suggested addition, said: "The plaintiff would have the court equate `getting in' with `approaching'; but this would, in effect, require a judge-made redrafting of the policy. Courts should refrain from conjuring up ambiguities when none exist and from saddling insurance carriers with liabilities not fairly imposed by the insurance contract." The Gleason court cited Ross, supra, for support of its decision.
The case of Rosebrooks v. National General Insurance Company,13 Mass. App. 1049, 434 N.E.2d 675 (1982), is factually identical to the matter before this court. As recited by the Massachusetts court, "Mrs. Rosebrooks, with her husband, left a restaurant after lunch and walked toward his automobile. She reached the right rear of the vehicle, put her right hand on it, and began walking around it toward the rear door on the driver's (i.e., the left) side which she intended to enter." "Just as she got around the rear of the . . . [automobile], she lost her footing on a patch of ice and fell, injuring herself." Her "right hand was on the vehicle when she . . . fell." "She then was about two to three feet from the door handle which she never reached." (Pg. 675). The court was concerned with the policy language of the definition of the term "occupying" which was defined as "in, upon, entering into, or getting out of" the insured vehicle. The plaintiff in that case contended that the lower court had given too little weight to her own intention eventually to enter the vehicle although when hurt she was using it "as a crutch or cane to assist walking" toward it but without reaching its door. The conclusion of the appellate court was, "In any event, the whole panel is in agreement on the limited ground that Mrs. Rosebrooks, when injured, was not `in . . . entering. . .or getting out of' the insured vehicle; nor was she `upon the vehicle' in any real sense. (Pgs. 676-677).
This court has made a great effort to find some factual evidence in the record on which the arbitrators could base a finding that Howe, at the time she was injured, was "in, on or getting into or out" of the Bayer vehicle. It can find none. Consequently, the court finds that the defendant Elizabeth Hersey CT Page 3078 Howe was not an insured under the plaintiff Allstate's policy which is the subject of this application.
Judgment may enter ordering that the award made by the arbitrators in this matter be vacated.
Harold M. Mulvey State Trial Referee