[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FACTS
The plaintiff, the estate of Jorge A. Agosto, through Debra CT Page 537 Ann Prest Agosto, administratrix, commenced this action against the defendant, Aetna Casualty and Surety Company, to recover underinsured motorist benefits under the terms of an insurance policy issued by the defendant to the State of Connecticut. The defendant, Aetna, previously filed a motion for summary judgment which was denied by this court, Pickett, J., on March 16, 1995.[1]
The defendant filed the present motion for summary judgment on November 7, 1995, after having been granted permission to do so by this court. The pertinent facts, some of which were set forth in this court's prior memorandum of decision, are as follows. The plaintiff's decedent was killed when he was struck by a motorist while performing his duties as a Connecticut State Trooper. The motor vehicle liability policy of the individual responsible for Agosto's death has been exhausted and is inadequate to fully compensate the plaintiff for the decedent's injuries and death. The plaintiff, therefore, seeks recovery under the uninsured motorist coverage of Agosto's employer, the State of Connecticut. The insurance policy at issue in this case identifies "State of Connecticut" as the named insured and classified the insured's business as "State Government."
The defendant filed an amended answer and special defenses to the plaintiff's complaint. The special defenses allege that the plaintiff's injuries were caused by his own negligence and carelessness, and that any coverage that might be available to the plaintiff, which coverage has been denied, is reduced by all sums paid or payable under workers' compensation, disability benefits or similar law and all sums paid by or for anyone who was legally responsible.
The defendant now moves for summary judgment. In support of its motion, the defendant filed a memorandum of law and attached supporting documentation consisting of plaintiff's responses to the defendant's request for admissions. The plaintiff timely filed a memorandum in opposition, with supporting documentation including a copy of the declarations page for the Aetna policy at issue, the endorsement index pages, the applicable uninsured motorists coverage endorsement and an excerpt from the collective bargaining agreement between the State of Connecticut and the Connecticut State Police Union regarding "No-Fault" coverage.
DISCUSSION
Summary judgment shall be granted "if the pleadings, CT Page 538 affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. "A motion for summary judgment shall be supported by such documents as may be appropriate, including . . . affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book Sec. 380. "[M]ere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay." Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist." (Citations omitted; internal quotation marks omitted.) Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984).
"A `material fact' has been defined adequately and simply as a fact which will make a difference in the result of a case."United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Strada v. ConnecticutNewspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984).
The defendant argues that the court should grant summary judgment because the plaintiff was not an insured under the terms of the uninsured motorist endorsement to the policy and was therefore not covered under the terms of the policy. The plaintiff argues that the court should deny summary judgment because the plaintiff was an insured under the terms of the uninsured motorist endorsement at issue. CT Page 539
It is noted at the outset that the words in an insurance policy "must be accorded their natural and ordinary meaning."Stephen v. Pennsylvania General Ins. Co., 224 Conn. 758, 763,621 A.2d 258 (1993). Any ambiguity in the terms of an insurance policy must be construed in favor of the insured, but this rule of construction must not be applied "unless the policy terms are indeed ambiguous." Id. In the present case, the court does not find any ambiguity in the terms of the insurance policy at issue in this case.
The uninsured motorist endorsement of the Aetna policy that is at issue in this case states the following:
B. Who Is An Insured
1. You
2. If you are an individual, any "family member."
 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto." The covered "auto" must be out of service because of its breakdown, repair, serving, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
The plaintiff's argument that the name insured on the policy in question is not the State of Connecticut, but rather "State Government" not only lacks merit but is in direct contradiction to the plaintiff's admission that the named insured under the policy is the State of Connecticut. (See exhibit 1 Plaintiff's Responses to Defendant's Request to Admit number 11). In the present case, the named insured is "State of Connecticut" and "State Government" is simply the classification of the insured's business. The plaintiff has admitted that the above uninsured motorists policy endorsement is applicable to this case and governs the plaintiff's claim. (Exhibit 1.) The plaintiff has also admitted that the term "you's means the named insured and has admitted that the named insured under the policy is the State of Connecticut. (See exhibit 1.) "Under Connecticut Law, the named insured refers only to the name actually appearing on the insurance policy." Ceci v. NationalIndemnity Co., 225 Conn. 165, 172, 622 A.2d 545 (1993), quoting CT Page 540Testone v. Allstate Ins. Co., 165 Conn. 126, 129-30, 328 A.2d 686
(1973). According to the language of the policy at issue, only the state of Connecticut was the named insured. "You" referred to the named insured and "insured" meant anyone qualifying as an insured in the "who is an insured" section of the policy. Thus, the plaintiff is not an insured under the term "you" as defined by the policy.
The plaintiff also argues that the term "you" must include state employees. However, the plaintiff relies on the law of other jurisdictions which are not controlling in the face of precedent from this state's Supreme Court. In Testone v. Allstate Ins. Co., supra, 165 Conn. 126, an employee tow truck operator was struck by an automobile while outside of the tow truck but within the course of his employment. The plaintiff, Mr. Testone, filed an uninsured motorist claim against his employer's automobile insurance carrier for the injuries he sustained. The uninsured motorist endorsement at issue in Testone defined an insured as "(a) the named insured and any designated insured and, while residents of the same household, the spouse and relatives of either; (b) any other person occupying an insured automobile." Id., 129. In reversing the arbitrator' s decision allowing uninsured motorist benefits, the court found that the plaintiff employee was neither a named insured nor a designated insured under his employer' s uninsured coverage and accordingly was not entitled to benefits under the employer' s policy. Id., 130. The court stated that "[t]he mere fact that the plaintiff was acting within the scope of his employment at the time he was injured, while affording him remedies and rights under the Workmen's Compensation Act, does not transform him into a named insured or a designated insured as defined under the uninsured motorist coverage of his employer's insurance policy." Id. Similarly, in the present case the fact that the plaintiff's decedent was acting within the scope of his employment at the time of the accident does not transform the decedent into a named insured.
The plaintiff did not dispute that the State of Connecticut is not an individual under the terms of the policy. In fact, the declarations page indicates that "State of Connecticut" is "Other" and qualifies "other" as "State Government" as opposed to individual or corporation. Therefore, the second meaning of "who is an insured" under the terms of the policy does not apply to the plaintiff's decedent in this case.
In addition, the plaintiff has admitted that the decedent was CT Page 541 not "occupying" the vehicle as that word is defined by the policy.[2]
(Exhibit 1.) Therefore, the third meaning of the word "insured" as does not allow the plaintiff coverage under the policy. Lastly, the fourth category of "who is an insured" does not apply by virtue of the elimination of the plaintiff as an "insured" under the first three descriptions of who is an insured.
The crux of the plaintiff's argument is that the collective bargaining agreement between the State and the Connecticut State Police Union requires that the State provide uninsured motorist benefits to state troopers. This argument, however, does not change the language of the existing policy which, by its terms, does not provide coverage to a trooper under the circumstance of this case. If the plaintiff's decedent had been "occupying" the vehicle at the time of the accident, there is no question that he would have been an insured under the policy. Although the court understands the fact that the plaintiff finds this result to be illogical when a trooper such as the decedent is often required to get out of the vehicle to perform his or her job, the court can not change the language of the policy nor can this court change the precedent set forth in Testone v. Allstate Inc. Co., supra,165 Conn. 126.
For the foregoing reasons, the defendant's motion for summary judgment is granted.
CV 91-0058311S : SUPERIOR COURT
ESTATE OF JORGE A. AGOSTO : J.D. OF LITCHFIELD
V. : AT LITCHFIELD
AETNA CASUALTY SURETY CO. : SEPTEMBER 11, 1995
 PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR ADMISSIONS
Pursuant to Sections 237, et seq., of the Connecticut Superior court Rules, the defendant hereby requests the plaintiff to admit the truth of the following matters:
1. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent, Trooper Jorge Agoston, was not occupying a motor vehicle owned, maintained, or controlled by the State of Connecticut.
ANSWER: Admitted.
2. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent. Trooper Jorge Agoston, was not occupying a motor vehicle insured by the defendant, Aetna Casualty Surety Co.
ANSWER: Admitted.
3. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent, Trooper Jorge Agoston, was not in a motor vehicle owned, maintained, or controlled by the State of Connecticut.
ANSWER: Admitted.
4. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent. Trooper Jorge Agosto, was not in a motor vehicle insured by the defendant, Aetna Casualty Surety Co.
ANSWER: Admitted.
5. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent, Trooper CT Page 543 Jorge Agoston, was not upon a motor vehicle owned, maintained, or controlled by the State of Connecticut.
ANSWER: Admitted.
6. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent, Trooper Jorge Agosto, was not upon a motor vehicle insured by the defendant, Aetna Casualty Surety Co.
ANSWER: Admitted.
7. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent, Trooper Jorge Agosto, was not getting in, on, out, or off of a motor vehicle owned, maintained, or controlled by the State of Connecticut.
ANSWER: Admitted.
8. At the time of the motor vehicle accident referred to in the plaintiff's complaint, the plaintiff's decedent. Trooper Jorge Agosto, was not getting in, on, out, or off of a motor vehicle insured by the defendant, Aetna Casualty Surety Co.
ANSWER: Admitted.
9. The uninsured motorists policy endorsement applicable to this case which governs the plaintiff's claim provides:
B. Who Is An Insured
1. You.
2. If you are an individual, any "family member."
 3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
 4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
ANSWER: Admitted. CT Page 544
10. The policy defines "you" as the named insured shown in the declaration.
ANSWER: Admitted.
11. The named insured shown in the declaration is the State of Connecticut.
ANSWER: Admitted.
The Plaintiff
 By __________________ Ann Marie Groppo 62 Cook Street Torrington, CT 06790 (860) 482-0500 Juris NO. 401013
CERTIFICATION
I hereby certify that a copy of the foregoing was mailed on this 11th day of September, 1995.
 _________________________ Ann Marie Groppo