[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT(No. 128) AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (No. 131)
The plaintiffs, David and Sandra Smith, seek compensation for injuries arising out of a motor vehicle accident which occurred on May 9, 1995, when the motorcycle David was operating and on which Sandra was a passenger was struck by a third party, Gertrude Sabo, whose insurer has settled with the plaintiffs for the full policy limits.
The plaintiffs now allege that at the time of the accident, the motorcycle David was operating was owned solely by David.[1] The motorcycle was insured by Northland Insurance Company, but the plaintiffs also had a policy of insurance with the defendant, National Grange Mutual Insurance Co. (National Grange) covering two automobiles which they owned and which were not involved in the accident. David's motorcycle was not insured under this policy.
The present action seeks underinsured motorist benefits under the National Grange policy. The plaintiffs allege that the defendant's policy provides such benefits applicable to this accident, and the defendant claims that it does not. Each party has filed a motion for summary judgment, with accompanying memoranda of law, claiming that with respect to the coverage provided by the National Grange policy, there are no facts in material dispute and that the moving party is entitled to judgment as a matter of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." MillerCT Page 5252-Bv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994); Miller v. United TechnologiesCorp., supra, 233 Conn. 744. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.)New Milford Savings Bank v. Roina, 38 Conn. App. 240, 244,659 A.2d 1226 (1995); Suarez v. Dickmont Plastics Corp., supra,229 Conn. 105.
A. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
The plaintiffs' motion for summary judgment challenges the defendant's nine special defenses. Even if the special defenses were all to fail, however, the plaintiffs' motion and supporting documents do not remove from dispute facts relevant to determining whether they are entitled to judgment as a matter of law on the complaint itself, the material allegations of which have been denied.
Where a motion for summary judgment shows that there are no facts in dispute with respect not only to the special defenses but also the underlying complaint, summary judgment may be appropriate. Most Superior Court judges who have considered the issue, however, have concluded that a motion for summary judgment solely as to special defenses is procedurally improper. Bycoskiv. Gagne, Superior Court, judicial district of Tolland, at Rockville, Docket No. 52555 (August 18, 1994, Hammer, J.); Ney v.Brandi, Superior Court, judicial district of New Haven at New Haven, Docket No. 0368932 (September 27, 1995, Hodgson, J.). In other words, while summary judgment should not be rendered unavailable merely because of the interposition of a special defense, this is not such a case. Even without the special CT Page 5252-C defenses, the pleadings and other documents would still leave in dispute such fundamental issues as whether Sabo is in fact liable for the plaintiff's injuries.[2] Thus, disposition of the special defenses in this case would still not leave the plaintiffs in a position where they would be entitled to judgment on their complaint as a matter of law, and the plaintiffs' motion for summary judgment is therefore denied.
B. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant first claims that it is entitled to summary judgment on the basis that the plaintiffs' admission of ownership of the motorcycle on which they were riding at the time of the accident, when considered in light of § 38a-336(d), precludes liability under the defendant's policy.[3] This contention is moot as to Sandra in light of the court's decision to permit her to amend her admission on this point. (See n. 1, supra.) It is dispositive of David's claim, however, and summary judgment is therefore granted in favor of the defendant with respect to David Smith's complaint.
The defendant next alleges that its policy does not provide underinsured coverage for injuries sustained on the plaintiffs' motorcycle, which was not insured by it. It further claims that it does not insure any motorcycles in Connecticut, nor was it aware at any time prior to this claim being made that either plaintiff owned a motorcycle. Sandra Smith responds that attempting to exclude underinsured motorist benefits simply because of the nature of the vehicle occupied by her at the time of the accident is contrary to statutory requirements and public policy and is therefore invalid.
An insurance policy is a contract between the insurer and the insured, and, generally speaking, the language of the contract controls the rights and responsibilities of the parties regarding coverage. Aetna v. CNA, 221 Conn. 779 (1992). If, however, a policy contains a provision which is contrary to law, that provision will not be enforced. Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 675 (1991).
The defendant argues that the plaintiff purchased appropriate underinsurance coverage on his motorcycle from Northland in the amount of $20,000 and paid an additional premium for this motorcycle coverage. It contends that to permit the plaintiffs to bootstrap the National Grange $300,000 underinsurance coverage, CT Page 5252-D which was not designed to cover motorcycles, would be to provide them with $300,000 worth of insurance without an additional premium, in that the cost of underinsured coverage on a motorcycle policy is allegedly much higher than on an automobile policy.
The plaintiffs allege that the statutory Connecticut insurance scheme is designed to provide underinsured motorist coverage regardless of the vehicle the plaintiff is occupying, so long as the plaintiff is not the owner of the vehicle he or she was occupying at the time of the accident (see § 38a-336(d)).
There is apparently no direct appellate authority on the issue of whether the insurer can exclude underinsurance coverage for an entire class of vehicles. In Keystone Insurance Company v.Raffile, 225 Conn. 223 (1993), however, the Supreme Court stated:
 It is well established that the public policy derived from the uninsured motorist legislation is that "`every insured is entitled to recover for the damages he or she would have been able to recover if the uninsured motorist had maintained a policy of liability insurance. Insurance companies are powerless to restrict the broad coverage mandated by the statute.' Harvey v. Travelers Indemnity Co., 188 Conn. 245, 249, 449 A.2d 157 (1982)." Streitweiser v. Middlesex Mutual Assurance Co., supra, 377. The public policy embodied in our uninsured motorist legislation "`favors indemnification of accident victims unless they are responsible for the accident.' Widiss, A Guide to Uninsured Motorist Coverage (1969) 2.9, p. 29." Harvey v. Travelers Indemnity Co., supra, 250. Therefore, any limitation on the ability of an individual injured by an uninsured motorist to recover benefits for his injuries will have to bear close scrutiny.
Id., 232-33.
In Harvey v. Travelers Indemnity Company, 188 Conn. 245
(1982), the plaintiff was injured while operating an uninsured motorcycle owned by his father when he collided with another uninsured vehicle. The plaintiff (son) did not have his own insurance and sought recovery under the uninsured provision of his mother's motor vehicle policy issued by the defendant. The defendant refused to provide coverage on the ground that a policy CT Page 5252-E exclusion precluded coverage for "bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or a relative."
In reaching his decision requiring coverage, Justice Speziale discussed the public policy behind the enactment of the uninsured/underinsured legislation and considered similar cases in other states:
 This issue is one of first impression in this court: whether the exclusion is valid because the required uninsured motorist coverage is "vehicle oriented," or void because the required uninsured motorist coverage is "person oriented." Employers' Fire Ins. Co. v. Baker, 119 R.I. 734, 744, 383 A.2d 1005 (1978) (plurality opinion) (Bevilacqua, C.J., dissenting). We take the latter position and conclude that the public policy embodied in General Statutes 38-175c directs that uninsured motorist coverage be provided to insureds when they are not occupants of insured vehicles as well as when they are.
 Our uninsured motorist insurance statute, 38-175c, provides coverage for "persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. . . ." (Emphasis added.) The coverage attaches to the insured person, not the insured vehicle. Thus, this court has held that an injured party may receive the benefits of a policy even though not occupying a vehicle insured under that policy. Citrano v. Berkshire Mutual Ins. Co., 171 Conn. 248, 254, 368 A.2d 54
(1976); Testone v. Allstate Ins. Co., 165 Conn. 126, 134-35, 328 A.2d 686 (1973). Accordingly, if the plaintiff in the present case were occupying a motorcycle owned by someone other than a relative, he would still be entitled to coverage under his mother's insurance policy. Section 38-175c is person oriented, not vehicle oriented. The plaintiff, an insured under his mother's policy, is entitled to coverage under that policy when injured by an uninsured motorist. The exclusion in the defendant's policy is invalid as against the public policy underlying uninsured motorist coverage in Connecticut. CT Page 5252-F
Id., 248-49.
It thus appears from the language of Harvey that any exclusion for uninsured coverage for a motorcycle accident is contrary to public policy because the coverage attaches to the insured person, not the insured vehicle.
In Harvey, however, the court was faced with no insurance at all other than the mother's motor vehicle policy. In the instant case, the plaintiffs have underinsurance coverage on the motorcycle, albeit inadequate to cover the damages they allegedly sustained as the result of this accident, and the defendant's policy is said to be the equivalent of excess insurance. This appears to be a difference without a distinction.
There is no reason why the public policy concern as stated inMiddlesex Insurance Company v. Quinn, 225 Conn. 257, 622 A.2d 572
(1993), should not be equally applicable to a situation where the policy in question provides coverage over and above another such policy.
 We concluded that the public policy embodied in 38-175c directs that an insured's geographical location at the time of the injury is "irrelevant to recovery under the statutorily mandated coverage." (Citation omitted) Underinsured motorist coverage attaches to the insured person, not the insured vehicle . . . We held that an insurance contract's exclusion to the contrary violated the public policy underlying uninsured motorist coverage in Connecticut because the statute requires every automobile liability policy to provide uninsured motorist coverage for the protection of persons insured thereunder.
 Because the plaintiff was an insured under the liability section of his mother's policy, the policy's exclusion of the plaintiff from uninsured motorist benefits violated public policy.
Id., 265-66.
This defendant's attempt to exclude underinsurance coverage for Sandra in connection with this motorcycle accident is likewise contrary to public policy. Although the policy with the defendant does not provide for coverage of the motorcycle owned CT Page 5252-G by her husband, it does provide benefits irrespective of the nature of the vehicle occupied by her to the extent that an underinsured motorist is responsible for her injuries. The defendant is therefore not entitled to judgment as a matter of law, and its motion for summary judgment as to Sandra Smith is denied.
Jonathan E. Silbert, Judge