[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 24, 1995, "Christine Hayes, PPA Niamh Hayes,"[1]
filed a complaint in three counts seeking damages for the injuries Niamh Hayes allegedly suffered as a result of a dog bite. The complaint alleges that on or about April 14, 1993, Diane and Patrick Crehen (sic) (defendants) were the owners of a female Golden Retriever; that on or about April 14, 1993, Niamh was lawfully on the defendants' property; that, without provocation, she was attacked and bitten by the defendants' dog; and, as a result of the dog bite, she suffered severe, personal injuries. CT Page 790
Count one of the complaint alleges that the defendants are statutorily liable to Niamh in accordance with Sec. 22-357 of the General Statutes (Connecticut's dog bite statute). Count two alleges that the defendants were negligent in various ways, and count three alleges that the defendants are liable to "the plaintiff mother" for the medical expenses she has incurred as a result of the injuries sustained by Niamh. Both the "minor plaintiff" and the "plaintiff mother" seek damages. On September 5, 1995, the defendants filed an answer to the complaint.
On October 15, 1995, "Christine Hayes, PPA Niamh Hayes" filed a motion for summary judgment as to the entire complaint, with an accompanying memorandum of law. A copy of the complaint, the defendants' answer to the complaint, a copy of Niamh's deposition, and a copy of her hospital medical records are attached in support of the motion.[2] The defendants have not filed an opposition to the motion.[3]
A motion for "summary judgment shall be [granted] if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Citations omitted; internal quotation marks omitted.) Connell v.Colwell, 214 Conn. 242, 246 (1990). "Where the adverse party does not respond to the motion for summary judgment, as in the present case, `the court is entitled to rely upon the facts stated in the affidavit of the movant.'" Citicorp Mortgage, Inc. v. Ribera,
Superior Court, judicial district of Litchfield, Docket No. 067722 (December 1, 1995, Pickett, J.), quoting Bartha v.Waterbury House Wrecking, 190 Conn. 8, 11-12 (1983). Nonetheless, the "failure of the nonmoving party to file documentary evidence in opposition to the motion for summary judgment is not deemed consent to the motion." Gagnon v. Siemiatkoski, Superior Court, judicial district of New London, Docket No. 514706 (October 22, 1991, Koletsky, J., 6 CSCR 1010), citing Pepe v. New Britain,203 Conn. 281 (1987).
In the memorandum of law in support of the motion, it is argued that this court should grant summary judgment because, pursuant to Sec. 22-357,[4] the defendants are strictly liable for the injuries and damages inflicted upon Niamh by the defendants' dog. It is further argued that summary judgment should be granted because the defendants have failed to present any evidence demonstrating the existence of a disputed material CT Page 791 fact.
In support of the motion, reliance is placed upon the deposition testimony of Niamh. "Reliance on deposition testimony on a motion for summary judgment is generally inappropriate."Funaro v. Mount Mansfield Co., Inc., Superior Court, judicial district of New Haven, Docket No. 318105 (July 15, 1994, Martin, J., 12 Conn. L. Rptr. 117, 118). "The primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, the testimony . . . may contradict [the] . . . earlier statement and a question for the jury to decide may then emerge." (Citations omitted; internal quotation marks omitted.) Esposito v. Wethered, 4 Conn. App. 641, 645
(1985). "Some superior court judges have . . . held that [even] certified deposition transcripts are not acceptable in support of . . . a motion for summary judgment." State Street MortgageCo. v. Piscitelli, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043399 (February 22, 1996, Curran, J.), citing Lagana v. Lastrina, Superior Court, judicial district of Middlesex at Middletown, Docket No. 66358 (May 27, 1993, Arena, J., 9 Conn. L. Rptr. 178); and Oberdick v. AllendaleMutual Ins. Co., Superior Court, judicial district of New Haven, Docket No. 283004 (August 25, 1993, Celotto, J.).
Reliance is also placed upon uncertified copies of hospital records. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Agosto v. Aetna Casualty Surety Co., judicial district of Litchfield, Docket No. 058311 January 24, 1996, Pickett, J., 16 Conn. L. Rptr. 100). The motion is not supported with any affidavits. "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796 (1995), quoting Practice Book § 380.
For all of the foregoing failures, the motion for summary judgment is denied.
Moraghan, J.