[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT'S SPECIAL DEFENSES
The plaintiff's second amended complaint sounds in breach of contract (count one), conversion (count two), unjust enrichment (count three) and violation of the Connecticut Unfair Trade Practices Act (count four) arising out of the relationship between the plaintiff medical group and the defendant, a former officer and shareholder of the plaintiff corporation. The defendant filed an amended answer and special defenses based on the statute of limitations and laches.
A request to revise the special defenses was denied by Judge Blue on May 30, 1998. A motion to strike the same special defenses was denied by Judge O'Keefe on May 7, 1998, and the plaintiff has now filed the present motion for partial summary judgment, contending that those special defenses "fail to state a claim upon which relief can be granted and are legally insufficient as a matter of law." This language and these pursued and denied. Significantly, the plaintiff does not allege that there are no factual issues in dispute and that it is entitled to judgment as a matter of law. Absent such a contention, there can be no basis for summary judgment.
The undersigned has considered the applicability of a motion for summary judgment in the context of special defenses in DavidSmith et al. v. National Grange Mutual Insurance Co., Docket No. CV95-0250908, Judicial District of New Haven at Meriden, August 29, 1996; 1996 Conn. Sup. 5252-A, 17 CLR 522. The undersigned concluded that "even if the special defenses were all to fail, however, the plaintiffs motion and supporting documents do not remove from dispute facts relative to determining whether they are entitled to judgment as a matter of law on the complaint itself, the material allegations of which have been denied." This court sided with the majority of superior court judges who have considered the issue and concluded that a motion for summary judgment solely as to special defenses is procedurally improper. This court has been given no reason to alter its view in the context of this case. CT Page 8993
The motion for partial summary judgment is therefore denied.
Jonathan E. Silbert, Judge